■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY HAWKINS, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered December 12, 1989, convicting defendant, after a jury trial, of grand larceny in the fourth degree and sentencing him to an indeterminate term of imprisonment of from 2 to 4 years, unanimously affirmed.

The defendant and a companion were observed by plainclothes police officers following an out-of-town theatergoer and her companion in the area of 44th Street and Broadway. From a distance of only six feet, an officer watched the defendant as he placed his hand inside the victim's purse, removed an object and passed it to his companion. On this appeal, defendant argues that it was reversible error for the trial court to request the jury to prune its request for the readback of the testimony of one of the officers and the complaining witness.

Not every failure to comply with a jury's request for information during deliberation is reversible error *(People v Miller,* 6 NY2d 152, 156). The test is whether or not the failure to respond seriously prejudiced the defendant *(People v Jackson,* 20 NY2d 440, 454-455, *cert denied* 391 US 928). In this case, in asking the jury to refine its request, the court instructed the jury that it was free to request additional information, or the entire testimony. The court neither coerced the jury into reaching a verdict, nor dissuaded the jury from considering

testimony which was crucial to the defense (cf., People v Arcarola, 96 AD2d 1081, 1082). Further, given the relatively short duration of the trial, and the limited nature of the evidence, we do not find that the court's suggestion prior to summation, that there was a possibility that the jury may be sequestered, constituted duress under the facts and circumstances which appear on the record at trial. Concur—Milonas, J. P., Ross, Asch, Kassal and Smith, JJ.