■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RIVERA, Appellant.—Judgment of the Supreme Court, Bronx County (John P. Collins, J., at trial; Ira Globerman, J., on the speedy trial motion), entered June 5, 1990, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentenced him, as a second felony offender, to a term of from six to twelve years, is unanimously affirmed.

Defendant contends that the trial court erred by failing to impose a sanction for the destruction of a piece of paper on which the arresting officer had jotted down the defendant's name and address, the time and place of arrest and a notation this was the first buy and arrest for that day. The officer testified consistently with respect to the limited nature and substance of the note which did *not* contain any description of the defendant. Under these circumstances, where the defendant failed to allege any specific prejudice at the trial, makes no such claim on appeal and the record does not reveal any prejudice to defendant, the trial court was under no obligation to impose a sanction (*see, People v Wallace,* 76 NY2d 953, 955; *People v Martinez,* 71 NY2d 937, 940).

With respect to defendant's claim that the court incorrectly decided his speedy trial motion, it is clear that the court properly determined that the two adjournments in question were not chargeable to the People, not only because the People answered ready on both occasions, but also because the failure to provide discovery or *Rosario* material does not entail speedy trial considerations. Under such circumstances, other, less drastic relief, is appropriate (*People v Anderson,* 66 NY2d 529, 537).

Finally, with respect to defendant's unpreserved claim regarding the trial court's response to the last jury note, the record is clear that, contrary to defendant's belated claim, there was nothing intimidating about the court's response. It was entirely appropriate under the circumstances for the court to seek further clarification from the jury with respect

to its request for another readback *(People v Hawkins,* 173 AD2d 358, *lv denied* 78 NY2d 1076). Concur—Wallach, J. P., Asch, Kassal and Rubin, JJ.