■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUFEMIO HERNANDEZ, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J., at hearing and trial), rendered March 8, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third

degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The hearing court correctly denied defendant's motion to suppress physical evidence. In this typical "buy and bust" operation, the sole witness at the suppression hearing was the arresting officer, who testified that he apprehended defendant after receiving a message from the undercover officer's "ghost" that the latter had received the prearranged positive buy signal from the undercover. In addition, the ghost, whose purpose was to observe any buys and safeguard the undercover, transmitted a detailed description of defendant and his location. The arresting officer apprehended defendant, who matched the description, at that location.

This testimony was sufficient to establish probable cause for the arrest, and, contrary to defendant's contention, the testimony of the ghost was unnecessary in view of the arresting officer's testimony that he relied on information from another officer who personally observed the transaction (*People v Petralia,* 62 NY2d 47, 51-52, *cert denied* 469 US 852; *People v James,* 135 AD2d 832, *lv denied* 71 NY2d 969). In addition, the contents of the message transmitted by the ghost, upon which the arresting officer relied, were elicited on the record and plainly provided sufficient detail to establish probable cause. The fact that a prearranged positive buy signal was employed, rather than verbal communication, is irrelevant, since such a signal was adequate to convey that a sale took place (*People v Amoateng,* 141 AD2d 398, *lv denied* 73 NY2d 852).

The failure of the trial court to impose any sanction for the destruction of an envelope on which the arresting officer noted defendant's pedigree information and the time and place of arrest, does not warrant reversal, since defendant claimed no prejudice at trial and has failed to demonstrate prejudice on appeal (*People v Rivera,* 185 AD2d 152; *cf., People v Wallace,* 76 NY2d 953). Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.