■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO CESAR RODRIGUEZ, Appellant. [662 NYS2d 478] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered October 3, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Questions of credibility were properly presented to the jury, and we see no reason to disturb its findings (*see, People v Gaimari*, 176 NY 84, 94).

Defendant's suppression motion was properly denied. We see no reason to disturb the hearing court's credibility determinations (*see, People v Prochilo*, 41 NY2d 759, 761).

The court did not err in denying defendant's application to dismiss for cause a juror who claimed to be a passing acquaintance of the District Attorney. The relationship was not one proscribed by CPL 270.20 (1) (c), nor was it abuse of discretion to find that there was no substantial risk that her pre-existing opinions would impede her ability to be a fair juror (*see*, CPL 270.20 [1] [b]; *People v Williams*, 63 NY2d 882, 885). In any event, since defendant peremptorily challenged the juror in question, and did not exhaust his peremptory challenges before the completion of jury selection, CPL 270.20 (2) forecloses review of defendant's claim that the court should have granted his challenge for cause.

We perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Sullivan, Ellerin and Williams, JJ.