■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO LEBRON, Appellant. [672 NYS2d 34] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered August 10, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations. Defendant's challenge to the court's *Sandoval* ruling (*People v Sandoval*, 34 NY2d 371) has not been preserved for appellate review as a matter of law since he failed to object after the court issued its ruling, which had favorably addressed the concerns expressed in defendant's application (CPL 470.05 [2]; *People v Venero*, 211 AD2d 566, *lv denied* 86 NY2d 785). Thus, he failed to preserve his current contention that the number of convictions permitted to be elicited by the People implied to the jury that defendant had a propensity to commit crimes, and we decline to review in the interest of justice. Were we to review this claim, we would find that the *Sandoval* ruling was a proper exercise of discretion. The court's ruling, permitting inquiry into whether defendant had previously been convicted of felonies and misdemeanors, the number of those felonies (three) and misdemeanors (ten), as well as the dates thereof, while precluding inquiry into the underlying facts and nature of those convictions and any inquiry into the 30 other misdemeanors of which defendant was convicted prior to 1987, balanced the appropriate factors (*see, People v Walker*, 83 NY2d 455, 459).

Since defendant did not exhaust his peremptory challenges, CPL 270.20 (2) forecloses review of his claim that the court should have granted his challenge to a prospective juror for cause (*People v Rodriguez*, 242 AD2d 475).

The court properly exercised its discretion when it refused to give the adverse inference charge requested by defendant since the memo book did not contain a description or any other information regarding defendant (*People v Rivera*, 185 AD2d 152, *lv denied* 80 NY2d 933). Moreover, the defense theory at trial did not concern the identification of the individual described in the memo book as the buyer, and defense counsel was provided with the opportunity to cross-examine the witness concerning her memobook entries (*see, People v Hyde*, 172 AD2d 305, *lv denied* 78 NY2d 1077).

We perceive no abuse of sentencing discretion. Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.