OPINION OF THE COURT
Per Curiam.
Order entered July 2, 1992 reversed, on the law and on the facts, motion denied, superseding information reinstated, and the matter remanded for further proceedings.
Properly applying the rule of People v Sinistaj (67 NY2d 236) that an accusatory instrument which replaces an earlier one in the same criminal action is related back to the original accusatory instrument for purposes of determining the commencement of the statutory readiness period and calculating the time to be excluded from the statutory limitation, Criminal Court determined that only 89 days were chargeable to the People as of March 31, 1992, the date the People filed and announced readiness on the superseding information containing misdemeanor charges of assault and weapon possession. The court nonetheless granted the defendant’s CPL 30.30 motion, concluding that the People’s prior statements of readiness to proceed to trial on the misdemeanor assault charge included in the first information (and retained in the second) had not been "bona fide” and that, in consequence, "[t]ime previously marked 'excluded’, based on the prosecutor’s representations of readiness which could not be substantiated and did not reflect actual fact, was not properly excluded at the time.” (People v Armstrong, 154 Misc 2d 834, 841.) We disagree, and thus reverse and deny defendant’s motion to dismiss.*
There is no evidence in the record that any of the several readiness statements timely made by the People in connection with the original information were not made in good faith or *590 did not reflect an actual present state of readiness. The fact that the People ultimately filed a second information adding a new charge and supplementing the factual allegations of the first information is hardly sufficient to establish that the People were not positioned to timely proceed to trial on the original assault charge, nor does it serve to retroactively invalidate the People’s otherwise valid declarations of readiness.
Although the point is not developed or directly raised in defendant’s submission below, it may be, as Criminal Court concluded, that the filing of the second information reflected a laxity in the People’s initial efforts to thoroughly interview the complainant or to otherwise investigate the facts of the case. Even if factually accurate, however, we find this rationale legally unpersuasive, for the test in assessing the legitimacy of a record readiness statement is not whether the People were efficient in the preparation of their case, but whether they "have done all that is required of them to bring the case to a point where it may be tried.” (People v England, 84 NY2d 1, 4; see, People v McKenna, 76 NY2d 59, 64.) The People here satisfied that requirement by filing the original information and making (more than one) timely record statement of present readiness (see, People v Kendzia, 64 NY2d 331, 337; cf, People v Cole, 73 NY2d 957 [readiness statement illusory because made when the People were unable to produce the complainant]) and, for CPL 30.30 purposes, were free to take whatever other steps they deemed appropriate to prepare their case for trial without concerns of judicial second guessing.
Since no basis is shown to deny effect to the People’s facially sufficient statements of readiness, and in view of Criminal Court’s own calculations of speedy trial time favorable to the People, defendant’s CPL 30.30 motion should have been denied.
Parness, J. P., Miller and McCooe, JJ., concur.

 Although Criminal Court in its written decision granting defendant’s CPL 30.30 motion appears to question whether "supersedure” in connection with the weapons charges added in the second information was authorized under CPL 100.50, the issue was not raised in defendant’s moving papers below, and thus the People were not given the opportunity to meet it in their opposing submission. In this posture, the issue is not properly before us on appeal, a reality which the defendant apparently now recognizes by having limited his appellate discussion of the issue to a short footnote in his respondent’s brief.