■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD BECKETT, Respondent. [627 NYS2d 97] —White, J. Appeal from an order of the County Court of Columbia County (Zittell, J.), entered September 8, 1994, which granted defendant's motion to dismiss the indictment.

The issue on this appeal is whether County Court's dismissal of the indictment on the ground that defendant's constitutional and statutory rights to a speedy trial were violated was proper. For the reasons that follow, we conclude it was not and, accordingly, reverse.

Defendant was charged on April 13, 1991 with committing two misdemeanors, driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3). He was arraigned on simplified traffic informations in the Town Court of Copake, Columbia County, on April 26, 1991 before Town Justice Conway. On June 17, 1991, the People served a notice of readiness upon defendant and the court. Thereafter, defendant sought discovery and on July 22, 1991 submitted an omnibus motion seeking, *inter alia*, the suppression of certain evidence. A hearing on the motion was held on November 20, 1991 with the court rendering its decision on December 15, 1991. Trial was scheduled for March 10, 1992; however, on February 27, 1992, defendant's attorney withdrew his representation of defendant, resulting in the adjournment of the trial to April 14, 1992 to allow defendant an opportunity to obtain counsel. When the parties appeared on April 14, 1992, Justice Conway refused to proceed because defendant was unrepresented. Approximately two weeks later, Justice Conway resigned from the bench and this case was reassigned to Town Justice Meenagh who scheduled trial for June 23, 1992.

Jury selection began on that day, but before one could be selected the panel was exhausted. Apparently at the request of Justice Meenagh, County Court transferred this action to the Town Court of Stuyvesant, Columbia County, where it was scheduled for trial on October 27, 1992 before Town Justice Retz. Jury selection commenced on that day but the panel was

again exhausted before a jury could be drawn, thereby requiring an adjournment of the trial to December 14, 1992. Prior to that date, Justice Retz resigned, necessitating the reassignment of this case to his successor, Town Justice Eckel.

On March 10, 1993 and on June 2, 1993, the People wrote to Town Court seeking a trial date and reiterating their readiness for trial. This case was ultimately transferred to Stuyvesant Town Justice Hart, who set a trial date of June 22, 1993. On June 16, 1993, defendant moved to dismiss this action on the ground that he had been denied the right to a speedy trial. Justice Hart apparently denied the motion; however, the trial did not go forward on June 22, 1993 since defendant did not appear. On August 6, 1993, pursuant to CPL 170.20 (2), the People served notice on defendant that they would present the charges against him to the Grand Jury.

Defendant was indicted on August 31, 1993 on two misdemeanor counts of driving while intoxicated and arraigned on September 8, 1993, at which time the People announced their readiness for trial. Subsequently, County Court dismissed the indictment, finding that "under [CPL] article 30 as well as under the broader language of the state and federal constitutions * * * defendant * * * did not have a speedy trial".

In this case, the People were required to be ready for trial within 90 days of the commencement of this action on April 26, 1991. Defendant contends that they fell far short of meeting this requirement since almost 600 days elapsed between the commencement of this action on April 26, 1991 and the People's statement of readiness made at his arraignment on the indictment.

In *People v England* (84 NY2d 1), where the defendant was arraigned on a felony complaint in Town Court, the Court of Appeals found that the People's filing of a statement of readiness before the defendant was arraigned on the indictment was insufficient to stop the running of the speedy trial clock because the defendant could not have been brought to trial before she was arraigned on the indictment *(supra,* at 4).

This case is distinguishable in that the Town Courts were in position to try the misdemeanor charges against defendant until August 6, 1993 when the People served notice they would present the charges to the Grand Jury *(see,* CPL 10.30 [1] [b]; 170.20 [2]). Therefore, inasmuch as the People were in position to proceed to trial when they filed the notice of readiness 52 days after the commencement of this action, the issue distills to whether any of the postreadiness delay may be charged to them.

Postreadiness delay may be chargeable to the People where the causes of the delay directly implicate the People's ability to proceed with trial (see, People v Cortes, 80 NY2d 201, 210; People v Anderson, 66 NY2d 529, 536), and defendant contends that the postreadiness period of delay running from December 15, 1991 to June 22, 1993 is chargeable to the People. However, our analysis of the record shows that the delays encountered during that period were not attributable to the People but rather to an unusual confluence of events over which the People had no control and which had no bearing on their ability to proceed to trial (see, CPL 30.30 [4] [g]). Notably, during the period in question, five different Town Justices were assigned to this matter and on two separate occasions the People demonstrated their readiness for trial by participating in the jury selection process. Thus, we find that in light of the exceptional circumstances set forth in the record, none of the postreadiness delay is chargeable to the People and, accordingly, conclude that defendant's statutory right to a speedy trial was not violated.

Considering that the postreadiness delay was not caused by prosecutorial inaction and since defendant was not incarcerated, and as there is no indication that his ability to mount a defense has been compromised by the delay, we also conclude that his constitutional right to a speedy trial has not been abridged (see, People v Taranovich, 37 NY2d 442, 445; People v Mobley, 206 AD2d 681, lv denied 84 NY2d 870; People v Crandall, 185 AD2d 476, 478, lv denied 80 NY2d 895, 928).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, indictment reinstated and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.