OPINION OF THE COURT
Per Curiam.
Order dated September 19, 2003 reversed, on the law, motion denied, information reinstated, and matter remitted to Criminal Court for further proceedings.
Defendant’s CPL 30.30 motion should have been denied. The People’s postreadiness delay in complying with their discovery obligations “had no bearing on the People’s readiness” (People v Anderson, 66 NY2d 529, 543 [1985]), since the videotape belatedly produced by the People was not the subject of the defendant’s suppression motion and did not impact upon the People’s ability to proceed meaningfully at the scheduled suppression hearing (cf. People v Simpkins, 193 Misc 2d 447 [2002], lv denied 99 NY2d 585 [2003]). In these circumstances, “preclusion rather than dismissal under CPL 30.30 would have been the proper corrective.” (People v Anderson, 66 NY2d at 542.) Our decision reduces the amount of delay chargeable to the People to a maximum of 67 days, which is within the 90-day statutory limit (see CPL 30.30 [1] [b]).
Suarez, P.J., McCooe and Gangel-Jacob, JJ., concur.