■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE M. ROBINSON, Appellant. [888 NYS2d 280]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Daley, J.), rendered November 19, 2007, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was convicted of assault in the second degree for assaulting a 42-year-old woman (hereinafter the victim) whose sister was engaged in a custody battle with defendant. On August 18, 2005, custody was awarded to the victim's sister and that afternoon defendant encountered the victim, who was walking on a street in defendant's neighborhood in the City of Binghamton, Broome County. After a verbal exchange, defendant punched the victim repeatedly until she fell to the ground near the curb where he then kicked her with steel toed boots and ultimately stepped violently on her leg, breaking her tibia.

Defendant was arrested by police at the scene and, after processing, was released on his own recognizance on August 20, 2005.[1] On January 6, 2006, defendant was indicted on one count of assault in the second degree and the People effectively indicated their readiness for trial that same day by filing a statement with County Court that was copied to defendant's counsel (*see People v Kendzia*, 64 NY2d 331, 336-337 [1985]; *People v Sutton*, 199 AD2d 878, 879-880 [1993]). At his arraignment on February 7, 2006, defendant entered a plea of not guilty and the People again indicated their readiness for trial in a pretrial notice.

Defendant remained at liberty until April 1, 2006, when he was arrested for criminal possession of a controlled substance and remanded to the Broome County jail. On April 21, 2006, while in custody at the Broome County jail, defendant assaulted

---

1. The record contains a felony complaint against defendant by patrolman James A. Lewis dated August 18, 2005 and the affidavit of defendant's attorney submitted in support of defendant's speedy trial motion states that "the defendant was arrested on August 18, 2005 and thereafter arraigned in Binghamton City Court on the said charges. He was released on his own recognizance."

a fellow inmate, blinding him in one eye. On May 19, 2006, defendant's counsel requested an indefinite adjournment with respect to the 2005 assault pending action on the 2006 inmate assault which was then proceeding to the grand jury.

From September 4 through September 6, 2007, a jury trial was held on the 2005 assault regarding the victim, after which defendant was found guilty of assault in the second degree and sentenced to a prison term of seven years and five years of postrelease supervision, to be served consecutive to the sentence on his prior convictions for the inmate assault. Defendant now appeals, alleging speedy trial, fair trial, evidentiary and predicate sentencing errors. We affirm.

Defendant's pretrial motion to dismiss was properly denied.[2] As defendant was arraigned on a felony complaint on or about August 18, 2005, the People had 183 days to declare their readiness for trial (see CPL 30.30 [1] [a]; People v Cortes, 80 NY2d 201, 208 n 3 [1992]). Generally, the burden is on the People to establish their entitlement to exclude any prereadiness delays from the calculation under a CPL 30.30 motion and the burden is on a defendant to prove that any postreadiness delays that directly implicate the People's ability to proceed with trial are chargeable to the People, unless the People failed to satisfy their burden to ensure that the record is sufficiently clear as to who is chargeable for an adjournment (see People v Cortes, 80 NY2d 201, 210, 215-216 [1992]). No argument is made for excluding any portion of the prereadiness period of approximately 141 days. Turning to whether any postreadiness delays are chargeable to the People (see People v Nash, 64 AD3d 878, 880 [2009]), the record lacks any indication that the People were not prepared to proceed with trial at any time (see People v

___

**2.** Initially, there exists a procedural complication not addressed by the parties. Defendant's counsel made a speedy trial motion on defendant's behalf, which County Court denied. Subsequently, defendant was allowed to proceed pro se (with his former counsel as standby counsel) and defendant tendered a second speedy trial motion, pro se. The pro se motion was discussed on the record immediately prior to jury selection, and the court initially refused to consider it, but then relented and accepted it conditioned upon notice to the People. The court refused to delay jury selection or the trial to consider the pro se motion. Although it is not clear whether the motion was served on the People and no responding papers are contained in the record, the trial transcript suggests that copies were provided, and the People have not expressly addressed defendant's pro se motion in their brief on appeal. The record does not reflect any express determination of the pro se motion by the court, although its denial is implicit in that the indictment was not dismissed. In any event, defendant's affidavit in support of his pro se motion does not offer any relevant factual statements that would support a result different than that warranted by the original motion made by defendant's attorney.

*Carter*, 91 NY2d 795, 799 [1998]). Accordingly, defendant failed to sustain his burden to establish a CPL 30.30 violation.

Turning to defendant's constitutional claim, we note that the delay from his initial arraignment to trial was approximately 25 months, of which defendant was released on his own recognizance for seven months. Defendant was only taken into custody again upon his arrest for another crime, whereupon he soon committed another vicious assault while in custody for which he was promptly tried and convicted, and there is at least some evidence indicating that defendant's counsel agreed to adjourn trial indefinitely on this assault charge in order to proceed on the inmate assault charges. We also note the lack of any indication that defendant was impaired in the presentation of his defense by the delay. Balancing the foregoing factors as we must, we are convinced that defendant suffered no constitutional injury (*see People v Taranovich*, 37 NY2d 442, 445 [1975]).

We find equally unavailing defendant's contention that questioning of witnesses by County Court tainted the trial. As defendant concedes, this issue was not preserved for our review (*see People v Charleston*, 56 NY2d 886, 887-888 [1982]). However, even were we to consider the merits, the trial transcript reveals that the court engaged in limited and balanced questioning primarily constrained to clarifying evidence already placed on the record. Such questioning by the court was well within its functions of facilitating the orderly and expeditious progress of the trial and protecting the record by clarifying confusing testimony and insuring that proper evidentiary foundations are made (*see People v Yut Wai Tom*, 53 NY2d 44, 56-58 [1981]).

Nor can we agree with defendant that being required to appear before the jury in restraints deprived him of a fair trial. County Court described defendant as "a large individual, very strong and presents on occasion when in court somewhat of a threatening posture. He is intimidating by his very size I think it's fair to say." Defendant had a history of physical violence even when in custody and at times refused to appear for scheduled court conferences or cooperate with assigned counsel. The court gave an instruction to the potential jury pool to draw no inference from the presence of security or defendant's restraints, and permitted defendant to question witnesses from counsel's table. The record justifies County Court's refusal to order defendant's restraints removed (*see People v Rouse*, 79 NY2d 934, 935 [1992]; *People v Mendola*, 2 NY2d 270, 277 [1957]).

Finally, we find that defendant was properly sentenced as a

second felony offender. Prior to sentencing in this case, defendant was sentenced on the inmate assault as a second felony offender based on a prior conviction in New Jersey for the felony-grade crime of attempted homicide (criminal attempt to commit murder). County Court properly determined that it was bound by the prior determination that defendant was a second felony offender (*see* CPL 400.21 [8]; *People v Loughlin*, 66 NY2d 633, 635-636 [1985]; *People v Alston*, 1 AD3d 627, 630 [2003], *lv denied* 1 NY3d 594 [2004]).

We have considered defendant's remaining contentions and find they lack merit.

Rose, J.P., Kane, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

