■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOYT PHILLIPS, Appellant. [895 NYS2d 81]——

Judgment, Supreme Court, Bronx County (Nicholas J. Iacovetta, J., at speedy trial motion; Ethan Greenberg, J., at jury trial and sentence), rendered July 12, 2007, convicting defendant of four counts of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 90 years to life, modified, as a matter of discretion in the interest of justice, to the extent of directing that all the sentences be served concurrently, resulting in a new aggregate term of 25 years to life, and otherwise affirmed.

The court properly denied defendant's speedy trial motion. The People were required to be ready within 182 days, and they concede that 108 days of delay are includable. Although we agree with defendant that the two 14-day adjournments commencing on April 3 and 17, 2006 were includable, we find that the 48-day period of delay following August 9, 2005 was excludable as "a reasonable period of delay resulting from . . . pretrial motions . . . and the period during which such matters [were] under consideration by the court" (CPL 30.30 [4] [a]; *see People v Reed*, 19 AD3d 312, 314-315 [2005], *lv denied* 5 NY3d 832 [2005]). Therefore, the total delay chargeable to the People is only 152 days.

Defendant challenges the sufficiency and weight of the evidence regarding three of the four robbery convictions (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). We reject those challenges; there is no basis for disturbing the jury's determinations concerning identification and credibility.

The first three robberies, occurring within a short time period and in the public areas of apartment buildings located within close geographic proximity, had many similarities that formed a "distinctive repetitive pattern" (*People v Allweiss*, 48 NY2d 40, 48 [1979]; *see also People v Arafet*, 13 NY3d 460 [2009]). Therefore, the court's instruction to the jury that it could consider the similarities between the various incidents on the issue of identity, while also cautioning it not to otherwise commingle the evidence, was proper (*see People v Beam*, 57 NY2d 241, 250-253 [1982]; *People v McRae*, 276 AD2d 332 [2000], *lv denied* 95 NY2d 966 [2000]).

We find the sentence excessive for a 50-year-old defendant whose felony convictions involved use of weapons, but did not involve infliction of physical injury. And, although the new ag-

gregate sentence of 25 years to life "would amount to little more than the mandatory minimum sentence" for one of the robberies, as the dissent notes, in this case defendant would not be eligible for parole until he is well into his 70s, thus essentially making it a true life sentence. Defendant's remaining challenge to his sentence is academic. Concur—Mazzarelli, J.P., Andrias and Acosta, JJ.

Saxe and Catterson, JJ., dissent in a memorandum by Catterson, J., as follows: I respectfully dissent because I see no reason to exercise our discretion in the interest of justice to reduce a twice-adjudicated persistent violent felony offender's sentence to what would amount to little more than the mandatory minimum sentence for one of the four counts of knifepoint robbery for which he was convicted.

Defendant was convicted of four counts of robbery in the first degree and sentenced to an aggregate term of 90 years to life. He received two terms of 20 years to life and two terms of 25 years to life, with all four to run consecutively.

In my view, the only possible reduction in sentence would be to run two of the sentences concurrently with the remaining two sentences. This would reduce defendant's sentence to an aggregate term of 45 years to life rather than the majority's reduction to 25 years to life. Admittedly this is a very serious sentence. However, any other reduction essentially results in defendant receiving no additional jail time for the remaining three knifepoint robberies. In my view, this is an improvident exercise of our powers of review in the interests of justice. This is especially true given the defendant's extensive violent criminal history.