■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GUY DICKINSON, Appellant. [910 NYS2d 286]—

Kavanagh, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered September 10, 2009, upon a verdict convicting defendant of the crimes of driving while ability impaired, aggravated unauthorized operation of a motor vehicle in the first degree and resisting arrest, and the traffic infraction of failure to comply with a lawful order of a police officer.

In October 2008, an indictment was filed charging defendant with, among other things, driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, failure to obey a police officer and resisting arrest. After filing pretrial motions, defendant moved to dismiss the indictment because a police officer testified before the grand jury that the incident that led to defendant's arrest occurred on a date other than that specified in the indictment. The District Attorney consented to the dismissal of the indictment, obtained leave to re-present the matter to a grand jury and subsequently obtained a superceding indictment charging defendant with crimes identical to those that were set forth in the original indictment. In addition, the District Attorney filed a statement announcing that the prosecution was ready for trial and also submitted a special information in support of its contention that the crimes alleged in the indictment are of a higher grade because defendant had prior convictions for alcohol-related offenses. Thereafter, defendant once again moved to dismiss the indictment, this time alleging that he had been denied his right to a speedy trial. County Court denied the motion and, after a jury trial, defendant was found not guilty of driving while intoxicated, but guilty of driving while ability impaired, aggravated unauthorized operation of a motor vehicle in the first degree, resisting arrest and failing to comply with a lawful order of a police officer. An aggregate term of imprisonment of 1 to 3 years was imposed as defendant's sentence, and this appeal ensued.

Defendant initially argues that he was denied his right to a speedy trial because more than six months elapsed from the time the first accusatory instrument was filed against him and the prosecution, after obtaining the superceding indictment, declared it was ready for trial (*see* CPL 30.30 [1] [a]). Whether the prosecution has satisfied its statutory obligation to be ready for trial within six months is " 'generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (*People v Ramos*, 48 AD3d 984, 986 [2008], *lv denied* 10 NY3d 938 [2008], quoting *People v Cortes*, 80 NY2d 201, 208 [1992]; *see People v Fehr*, 45 AD3d 920, 922 [2007], *lv denied* 10 NY3d 764 [2008]).

Here, the parties agree that the original accusatory instrument charging defendant with a crime in connection with this incident was filed on April 17, 2008 and the prosecution an-

nounced its readiness to proceed to trial on the superceding indictment some 11 months later. Initially, we note that the three-month period between May 14, 2008 and August 18, 2008 is not chargeable to the prosecution because the parties were involved in ongoing plea discussions and defendant does not deny that he and his counsel actively pursued and participated in these negotiations (*see* CPL 30.30 [4] [b]; *People v Golgoski*, 43 AD3d 551, 552 [2007]; *People v Phillips*, 277 AD2d 816, 818 [2000], *lv denied* 96 NY2d 804 [2001]). Moreover, defendant does not allege that any delays that occurred from October 28, 2008—when the prosecution announced its readiness for trial on the initial indictment—through March 20, 2009—when it consented to its dismissal—"directly implicate[d] the [prosecution's] ability to proceed with trial" (*People v Robinson*, 67 AD3d 1042, 1044 [2009], *lv denied* 13 NY3d 910 [2009]; *see People v Hicks*, 55 AD3d 1138, 1142 [2008], *lv denied* 12 NY3d 758 [2009]; *compare People v Weaver*, 34 AD3d 1047, 1049 [2006], *lv denied* 8 NY3d 928 [2007]). As a result, this time period cannot be included in any speedy trial calculation chargeable to the prosecution (*see People v Nelson*, 68 AD3d 1252, 1254 [2009]; *People v Robinson*, 67 AD3d at 1044). We also note that, during this period, defendant filed motions addressed to the indictment and, as those motions were still pending as of March 5, 2009, this time period is not chargeable to the prosecution (*see* CPL 30.30 [4] [a]; *People v Stewart*, 57 AD3d 1312, 1314 [2008], *lv denied* 12 NY3d 788 [2009], *cert denied* 558 US —, 130 S Ct 1047 [2010]). Under the circumstances, and taking into account that more than 7 of the 11 months that passed before the prosecution answered ready for trial is excludable time not chargeable to the prosecution, defendant's statutory right to a speedy trial was not violated and his motion in that regard was appropriately denied by County Court.

Defendant also claims that he was denied a fair trial because the superceding indictment made express reference to his prior convictions for driving while intoxicated and the procedures employed in CPL 200.60 were not followed. Defendant failed to preserve this argument for this Court's review (*see* CPL 470.05 [2]; *People v Gibson*, 21 AD3d 577, 578 [2005]; *see also People v Ward*, 57 AD3d 582, 583 [2008], *lv denied* 12 NY3d 789 [2009]; *People v Reid*, 232 AD2d 173, 174 [1996], *lv denied* 90 NY2d 862 [1997]), and we decline to exercise our interest of justice jurisdiction to take corrective action (*compare People v Boyles*, 210 AD2d 732, 733 n 1 [1994]).

Cardona, P.J., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.