■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. MILLER, Appellant. [978 NYS2d 412]—

Egan Jr., J.

This action was commenced on August 3, 2010 with the filing of a felony complaint charging defendant with one count of sexual abuse in the first degree. Thereafter, in January 2011, defendant was indicted and charged with one count of sexual abuse in the first degree and one count of sexual abuse in the third degree. This indictment, together with the People's statement of readiness, was filed and hand-delivered to the Public Defender's office on January 28, 2011, and the parties do not dispute that, as of this date, the People had seven days remaining on the speedy trial clock (*see* CPL 30.30 [1] [a]; [4]).

[a]; [2] [a]; *People v D'Amico*, 76 NY2d 877, 879 [1990]; *People v Rivera*, 24 AD3d 367, 370 [2005]).

Following various motions and a *Huntley* hearing, the matter was scheduled as a back-up trial to commence on May 24, 2011. During a pretrial calendar call on Friday, May 20, 2011, County Court advised the parties that this matter had progressed from No. 4 to No. 1 in the trial rotation, as a result of which the case would indeed be tried on May 24. In response, the People indicated that they needed additional time to prepare their witness and requested an adjournment of the trial until a date later in the four-week trial term. County Court granted the People's request and adjourned the trial until June 14, 2011, a period of three weeks.

After obtaining this adjournment but before the new trial date, the People re-presented the case to a grand jury and, on June 9, 2011, obtained a superseding indictment charging defendant with two counts of sexual abuse in the first degree. Defendant was arraigned on the superseding indictment on June 14, 2011, and the trial again was adjourned—this time until July 26, 2011. Defendant's subsequent motion to dismiss on speedy trial grounds was denied and, following a jury trial, defendant was convicted of sexual abuse in the first degree and sentenced to 3½ years in prison followed by five years of postrelease supervision. This appeal by defendant ensued.

"CPL 30.30 (1) (a) mandates that the People be ready for trial of a felony within six months . . . from the commencement of the criminal action. Failure to be ready within six months will result in dismissal of the indictment unless the prosecution can show that certain time periods should be excluded" (*People v Gordon,* 110 AD3d 736, 737 [2013] [internal quotation marks and citation omitted]; *see People v Johnson,* 42 AD3d 753, 754 [2007], *lv denied* 9 NY3d 923 [2007]). As the Court of Appeals has instructed, "ready for trial" encompasses two distinct elements. "First, there must be a communication of readiness by the People which appears on the trial court's record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record. . . . The second requirement under the statute . . . is that the prosecutor must make his [or her] statement of readiness when the People are in fact ready to proceed" (*People v Kendzia,* 64 NY2d 331, 337 [1985]; *see People v Chavis,* 91 NY2d 500, 505 [1998]). As CPL 30.30 "contemplates an indication of present readiness" (*People v Kendzia,* 64 NY2d at 337; *see People v McCummings,* 203 AD2d 656, 657 [1994]), "[t]he relevant inquiry is whether the People have done all that

is required of them to bring the case to a point where it may be tried" (*People v Van Hoesen*, 12 AD3d 5, 6 [2004], *lv denied* 4 NY3d 804 [2005] [internal quotation marks and citation omitted]; *accord People v England*, 84 NY2d 1, 4 [1994]; *People v Johnson*, 42 AD3d at 754).

Here, the record reflects that the People satisfied the statutory requirements by filing and delivering their statement of readiness on January 28, 2011. Contrary to defendant's assertion, neither the People's decision to seek a superseding indictment (*see People v Galloway*, 93 AD3d 1069, 1070 [2012], *lv denied* 19 NY3d 996 [2012]) nor their subsequent request for an adjournment (*see People v Camillo*, 279 AD2d 326, 326 [2001]; *People v Acosta*, 249 AD2d 161, 161 [1998], *lv denied* 92 NY2d 892 [1998]; *People v Hendrix*, 235 AD2d 575, 576-577 [1997]) negates or renders illusory what otherwise "is presumed to be [an] accurate and truthful" statement of readiness (*People v Acosta*, 249 AD2d at 161). That said, we nonetheless must consider whether the postreadiness delay occasioned by the adjournment is chargeable to the People.

"Generally, the burden is on the People to establish their entitlement to exclude any prereadiness delays from the calculation under a CPL 30.30 motion and the burden is on a defendant to prove that any postreadiness delays that directly implicate the People's ability to proceed with trial are chargeable to the People" (*People v Robinson*, 67 AD3d 1042, 1044 [2009], *lv denied* 13 NY3d 910 [2009]). However, where the People have requested an adjournment, "it is the People's burden to ensure, in the first instance, that the record of the proceedings at which the adjournment was actually granted is sufficiently clear to enable the court considering the subsequent CPL 30.30 motion to make an informed decision as to whether the People should be charged" (*People v Daniels*, 217 AD2d 448, 455 [1995], *appeal dismissed* 88 NY2d 917 [1996]; *see People v Stirrup*, 91 NY2d 434, 440 [1998]; *People v Liotta*, 79 NY2d 841, 843 [1992]; *People v Robinson*, 67 AD3d at 1044). The People failed to discharge that burden here. The calendar call at which the adjournment was granted was not transcribed and, although the People are only chargeable with the length of the adjournment actually requested (*see People v Williams*, 32 AD3d 403, 404-405 [2006], *lv denied* 7 NY3d 905 [2006])—as opposed to the length of the adjournment ultimately granted—the record does not establish the length of the adjournment requested by the People. Accordingly, we have no choice but to charge the People with the entire 21 days occasioned by the adjournment, which brings them beyond the seven days remaining on the speedy trial clock. To the

extent that County Court concluded that defendant "tacitly" consented to this delay, the case law makes clear that a defendant's "consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay" (*People v Liotta*, 79 NY2d at 843; *see People v Smith*, 82 NY2d 676, 678 [1993]; *People v Smith*, 110 AD3d 1141, 1143 [2013]). Notably, "[d]efense counsel's failure to object to the adjournment . . . does not constitute consent" (*People v Smith*, 82 NY2d at 678). We therefore conclude that defendant is entitled to dismissal of the indictment pursuant to CPL 30.30.*

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.

---

* In reaching this result, we note that the People do not assert—and the record does not otherwise reflect—the presence of any "exceptional circumstances" (CPL 30.30 [4] [g]) that would render the time period at issue excludable. "Although [t]here is no precise definition of what constitutes an exceptional circumstance under CPL 30.30 (4) (g), the Court of Appeals has ruled that application of this exclusion is permitted only when the People for practical reasons beyond their control cannot proceed with a legally viable prosecution" (*People v Seamans*, 85 AD3d 1398, 1400 [2011] [internal quotation marks and citations omitted]; *see People v Price*, 14 NY3d 61, 64 [2010]). Examples of exceptional circumstances include the unavailability of a prosecution witness when the witness in question is ill (*see People v Alcequier*, 15 AD3d 162, 163 [2005], *lv denied* 4 NY3d 851 [2005]), has been deployed for military service (*see People v Chardon*, 83 AD3d 954, 955 [2011], *lv denied* 18 NY3d 857 [2011]), unexpectedly leaves the country (*see People v Morgan*, 259 AD2d 771, 772 [1999], *lv denied* 93 NY2d 975 [1999]) or experiences a sudden change of heart and refuses to testify (*see People v Lashway*, 187 AD2d 747, 749 [1992], *lv denied* 81 NY2d 842 [1993]), or where the delay was occasioned while awaiting the results of court-ordered DNA testing (*see People v Robinson*, 47 AD3d 847, 847-848 [2008], *lv denied* 10 NY3d 869 [2008]) or because the matter had been reassigned to five different trial courts (*see People v Beckett*, 215 AD2d 930, 932 [1995]). Here, however, the People's witness—the victim— was not shown to be unavailable; rather, the People simply desired additional time to prepare her testimony.