OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant, charged with two counts of assault in the third degree, in violation of Penal Law § 120.00 (1) and (2), attempted assault in the third degree, in violation of Penal Law §§ 110.00, 120.00 (1), and harassment in the second degree, in violation of Penal Law § 240.26 (1), moves for an order dismissing the information pursuant to CPL 30.30 and 30.20. The court has reviewed the entries and documents in the court file, the parties’ motion papers, and the relevant statutes and case law. For the reasons discussed below, the court finds that 57 days are chargeable to the People. Accordingly, defendant’s motion to dismiss is denied.
*507 I. Factual Background
A. The Allegations
According to the accusatory instrument, the defendant struck Dawnta Barton in the face with a closed fist.
B. Legal Proceedings
Defendant was arraigned on February 15, 2013 on a misdemeanor complaint charging him with two counts of assault in the third degree, in violation of Penal Law § 120.00 (1) and (2), attempted assault in the third degree, in violation of Penal Law §§ 110.00, 120.00 (1), and harassment in the second degree, in violation of Penal Law § 240.26 (1). The defendant was released on his own recognizance, and the case was adjourned to April 1, 2013. Subsequent calendar appearances took place on May 30, 2013, July 29, 2013, October 9, 2013, November 20, 2013, January 21, 2014, and February 24, 2014, on which date it emerged that defendant had filed the instant motion to dismiss on February 18, 2014. The People responded to the motion on March 11, 2014 and the matter has been sub judice since then.
II. Discussion
Defendant is charged with “at least one . . . misdemeanor punishable by a sentence of imprisonment of more than three months.” (CPL 30.30 [1] [b].) Thus, his motion to dismiss must be granted if the People were not ready for trial within 90 chargeable days of the commencement of the action. (Id.) Here, there were eight court dates from the commencement of the action through the filing of the motion to dismiss. Those events spanned 374 calendar days, and 57 of those days are chargeable to the People. The motion to dismiss is accordingly denied.
This case calls upon the court to apply the Court of Appeals’ recent decision in People v Sibblies (22 NY3d 1174 [2014]), which dismissed an information on speedy trial grounds. There, the People filed a misdemeanor information on February 8, 2007. Fourteen days later, on February 22, they filed an off-calendar certificate of readiness (COR). On March 2, the People requested the medical records of the victim and, on March 28, at the next scheduled calendar call, announced that they were not ready for trial because they were “continuing to investigate” and were “awaiting medical records.” (Sibblies, 22 NY3d at 1176 [Lippman, Ch. J., concurring].) The People filed a second COR on May 23, 2007, some 104 calendar days after the speedy trial period began to run. Both Supreme Court and the Appellate Division concluded that fewer than 90 chargeable days had *508 elapsed; those courts excluded the 34-day period between the filing of the first COR and the March 28 declaration of unreadiness. (People v Sibblies, 98 AD3d 458, 460 [1st Dept 2012] [since the People could have proceeded to trial without the medical records they requested post-COR, they “were plainly ready to present a prima facie case when they filed their certificate of readiness on February 22, (thus) that certificate was not illusory”].)
The Court of Appeals, however, unanimously reversed. All six judges who participated agreed that this 34-day period should have been charged to the People, although there was no single rationale behind the reversal.
A three-judge concurrence authored by Chief Judge Lippman “would [have] h[e]ld” that, where the People “file an off-calendar certificate of readiness and subsequently declare at the next court appearance that they are not ready,” the People “must demonstrate that some exceptional fact or circumstance arose after their declaration of readiness so as to render them presently not ready for trial,” using the definition of “exceptional fact or circumstance” contained in CPL 30.30 (3) (b). (Sibblies, 22 NY3d at 1178 [Lippman, Ch. J., concurring].) But, if “the People cannot demonstrate an exceptional fact or circumstance, then the People should be considered not to have been ready when they filed the off-calendar certificate, and the time between the filing and the following appearance cannot be excluded and should be charged to them.” (Id.)
The Lippman opinion would represent a major change in existing speedy trial practice. Judge Graffeo’s three-judge concurrence, by contrast, turned on “narrower” grounds, relying instead on — and merely applying — long-established speedy trial principles. (Id. at 1179 [Graffeo, J., concurring].) A prosecutor’s statement of readiness is presumptively “truthful and accurate.” (Id. at 1180.) However, that presumption may be rebutted by “proof that the readiness statement did not accurately reflect the People’s position”; where such proof is adduced, the statement of readiness is “illusory.” (Id.) The Graffeo concurrence held that this standard was met in that particular case, since “the prosecutor gave no explanation for the change in circumstances between the initial statement of readiness and the subsequent admission that the People were not ready to proceed without the medical records.” (Id. at 1181.) Given this, the People’s initial COR “did not accurately reflect the People’s position” and was indeed illusory. (Id.) Judge Graffeo’s approach leaves intact the settled principles of speedy trial law that (1) a *509 post-COR statement that the People are not ready does not, by itself, vitiate an off-calendar COR and (2) an unexceptional reason for post-COR unreadiness that does not demonstrate that the COR was inaccurate, such as “the complainant is unavailable today,” does not render the COR illusory.
Here, naturally, defendant asks the court to follow Chief Judge Lippman’s approach. For the following reasons, the court finds that it is appropriate to follow Judge Graffeo’s approach.
It is a rare occurrence when a fragmented decision of the Court of Appeals does not result in a single, clear legal rule. So rare, apparently, that the Court does not appear to have instructed the lower courts how to proceed in such situations. But the United States Supreme Court has long had a rule for this: when a fragmented court decides a case and there is no single rationale explaining the outcome that has the assent of at least five justices, “the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.” (Marks v United States, 430 US 188, 193 [1977], quoting Gregg v Georgia, 428 US 153, 169 n 15 [1976, Stewart, Powell, and Stevens, JJ.].)
While the Court of Appeals has not adopted a similar rule, it has expressly recognized that this is indeed the appropriate means of construing a fragmented decision of the United States Supreme Court. (For the People Theatres of N.Y., Inc. v City of New York, 6 NY3d 63, 79 [2005].) It seems more than reasonable, then, to assume that the Court of Appeals would apply the same rule of construction to its own decisions in the rare case where there is no single rationale adopted by at least four judges. Accordingly, this is the rule of construction that this court has selected. Here, identifying the “narrowest grounds” that would explain the outcome of Sibblies is simple and straightforward — it is the approach identified in Judge Graffeo’s opinion.
Under that approach, the motion should be denied. For each of the disputed adjournments, as specifically examined below, the record does not contain “proof that the readiness statement did not accurately reflect the People’s position,” so as to render the prior statement of readiness “illusory,” even though the People subsequently answered “not ready.” (Sibblies, 22 NY3d at 1180 [Graffeo, J, concurring].)
*510 A. The Speedy Trial Calculations
1. February 15, 2013 to April 1, 2013: 14 Days Chargeable
Criminal Procedure Law § 1.20 (17) provides that “[a] criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court.” In this case, that event occurred at defendant’s arraignment on February 15, 2013. The speedy trial clock started on the next day. (People v Stiles, 70 NY2d 765, 767 [1987].) At the arraignment, the court adjourned the case to April 1, 2013 for a supporting deposition from Dawnta Barton. On March 1, 2013, off-calendar, the People filed with the court and served on defense counsel by mail a certificate of readiness and a supporting deposition from Dawnta Barton. Accordingly, 14 days are chargeable to the People. The People concede these 14 days.
2. April 1, 2013 to May 30, 2013: Zero Days Chargeable
On April 1, 2013, the court directed the defense to file motions by May 6, 2013, and adjourned the case to May 30, 2013 for response and decision.
For this period, zero days are chargeable to the People. (CPL 30.30 [4] [a] [“reasonable period of delay resulting from other proceedings concerning the defendant, including . . . pre-trial motions” is excludable].)
3. May 30, 2013 to July 29, 2013: Zero Days Chargeable
On May 30, 2013, the court ordered a Huntley/Dunaway/Wade hearing. The case was adjourned to July 29, 2013 for hearing and trial. This entire period is excludable under People v Green (90 AD2d 705, 706 [1st Dept 1982]), under which a “reasonable period” after the decision on pretrial motions is excludable to give the People time to prepare. (See also People v Forbes, 1 AD3d 473, 474 [1st Dept 2004]; People v Dean, 45 NY2d 651, 657 [1978].) Accordingly, zero days are chargeable for this period.
4. July 29, 2013 to October 9, 2013: Zero Days Chargeable
On July 29, 2013, the People answered “ready” for trial. The defense, however, requested an adjournment because although the People provided a voluntary discovery form, they failed to provide the complainant’s medical records, a video of the defendant’s statement, and photos. The court adjourned the case to October 9, 2013, and directed the People to provide the defense with discovery three weeks before trial, although the People did not do so.
The period is not chargeable to the People because they answered ready, on the record, in the presence of defense counsel. (See People v Cajigas, 224 AD2d 370 [1st Dept 1996], lv *511 denied 88 NY2d 845 [1996]; People v Armstrong, 163 Misc 2d 588 [App Term, 1st Dept 1994], lv denied 84 NY2d 1028 [1995].)
This is so notwithstanding defendant’s complaint, however valid, that the People were dilatory in complying with their discovery obligations. The “failure to provide discovery or Rosario material does not entail speedy trial considerations. Under such circumstances, other, less drastic relief, is appropriate.” (People v Rivera, 185 AD2d 152, 152 [1st Dept 1992] [citation omitted]; see also People v Anderson, 66 NY2d 529, 537 [1985]; People v Caussade, 162 AD2d 4, 9 [2d Dept 1990], lv denied 76 NY2d 984 [1990]; People v Aquino, 6 Misc 3d 25 [App Term, 1st Dept 2004], lv denied 4 NY3d 796 [2005].) “It is firmly established that the failure of a District Attorney to comply with the mandates of CPL article 240 relative to discovery is in no way inconsistent with the prosecution’s continued readiness.” (Caussade, 162 AD2d at 8 [citations omitted].) The sanctions for discovery violations are set forth in CPL 240.70, and do not include CPL 30.30 dismissal.
Here, it must be noted that the facts of this case are unlike those in Sibblies. There, the People after declaring their readiness off-calendar, conceded on the record that, absent medical records that had not yet arrived, they were not in fact ready. It was this concession that rendered their earlier statement of readiness illusory. Here, by contrast, the People continued to maintain their readiness despite the fact that discovery was outstanding.
5. October 9, 2013 to November 20, 2013: 20 Days Chargeable
On October 9, 2013, the People answered “not ready” for trial, and the court adjourned the case to November 20, 2013. However, on October 29, 2013, off-calendar, they filed with the court and served on defense counsel by mail a COR. Accordingly, 20 days are chargeable to the People. The People concede these 20 days.
6. November 20, 2013 to January 21, 2014: 20 Days Chargeable.
On November 20, 2013, the People answered “not ready” for trial, and the court adjourned the case to January 21, 2014. The minutes of the November 20, 2013 calendar call indicate that the court directed the People to file an affirmation from the assigned Assistant District Attorney along with any COR that was filed off-calendar, although the court did not specify the type of information to be included in the affirmation.
*512 On December 10, 2013, off-calendar, the People filed with the court and served on defense counsel by mail a COR signed by the assigned Assistant District Attorney accompanied by an affidavit of service upon defense counsel.
Pursuant to People v Kendzia (64 NY2d 331, 337 [1985]), readiness for trial encompasses either “a statement of readiness by the prosecutor in open court ... or a written notice . . . sent by the prosecutor to both defense counsel and the appropriate court clerk.” The actions of the People in filing the COR with the court on December 10, 2013, and mailing it to defense counsel, complied with the dictates of Kendzia. Accordingly, 20 days are chargeable to the People. Defendant argues that the People’s supposed violation of the order to file an affirmation along with any off-calendar COR should result in this entire period’s being charged to the People. But the People can hardly be faulted for not complying with an order that was insufficiently explained; it was perfectly reasonable for the People to assume, absent an explicit instruction to the contrary, that the “affirmation” the court sought was an affirmation of service.
7. January 21, 2014 to February 24, 2014: Three Days Chargeable
On January 21, 2014, the People answered “not ready” for trial and requested January 24, 2014 for hearing and trial. The court adjourned the case to February 24, 2014. Accordingly, three days — the adjournment the People requested — are chargeable for this period. The People concede these three days.
8. February 24, 2014 to May 1, 2014: Zero Days Chargeable
The defense filed the instant motion on February 18, 2014. On February 24, 2014, the People were directed to file a response by March 10, 2014, and the defense was directed to file a reply by March 24, 2014. The case was adjourned to May 1, 2014 for the decision of the court.
For this period, zero days are chargeable to the People. (CPL 30.30 [4] [a] [“reasonable period of delay resulting from other proceedings concerning the defendant, including . . . pre-trial motions” is excludable].)
B. Conclusion
As detailed above, 57 days (14 + 20 + 20 + 3 = 57) are chargeable to the People. Defendant’s motion to dismiss pursuant to CPL 30.30 is accordingly denied.
*513 III CPL 30.20
The defendant also moves to dismiss the action pursuant to CPL 30.20. After examining the factors enunciated in People v Taranovich (37 NY2d 442 [1975]), the court is compelled to deny this portion of the defendant’s motion. While 374 days elapsed between commencement of the action and the filing of defendant’s motion, only 57 days of delay can be directly attributed to the People. Moreover, the defendant has not been incarcerated during the pendency of this action, and the record is devoid of any prejudice caused by the delay.
IV Conclusion
The defendant’s motion to dismiss pursuant to CPL 30.30 and CPL 30.20 is denied.