[999 NYS2d 320]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JIMMY JOSEPH, Defendant.

Criminal Court of the City of New York, New York County, June 23, 2014

APPEARANCES OF COUNSEL

*Vinoo Varghese*, New York City, for defendant.

*Cyrus R. Vance, Jr., District Attorney (Kelli Clancy* of counsel), for plaintiff.

## OPINION OF THE COURT

MELISSA A. CRANE, J.

Defendant asks this court to consider the recent Court of Appeals decision, *People v Sibblies* (22 NY3d 1174 [Apr. 8, 2014]), and hold the People's off-calendar statements of readiness illusory. In *Sibblies*, the Court of Appeals issued a plurality opinion,[1] finding the People's certificate of readiness (COR) invalid (22 NY3d at 1175). The People in that case had filed a misdemeanor information on February 8, 2007 (*id.*). On February 22, 2007, 14 days after filing a misdemeanor information, the People filed an off-calendar COR (*id.*). After filing this COR, but before the next scheduled court appearance, the People requested the medical records of the victim. Finally, on March 28, during the next court date, the People stated they were not ready to proceed because they were "continuing to investigate and . . . awaiting medical records" (*id.* at 1175-1176). Although based on different rationales, the six Court of Appeals Judges agreed that the February 22 COR at issue was illusory and dismissed the case on speedy trial grounds.

Chief Judge Lippman issued one opinion. He would have required the People to demonstrate an exceptional fact or circumstance that arose after their declaration of readiness to explain the prosecution's unreadiness at the next court date (*People v Sibblies*, 22 NY3d 1174, 1179 [2014]). Judge Lippman relied on CPL 30.30 (3) (b) to define an "exceptional fact or circumstance" (*id.*). Section 30.30 (3) (b) provides that a court may deny a motion to dismiss on speedy trial grounds where the People are not ready for trial and the People's present unreadiness is "due to some exceptional fact or circumstance, including, but not limited to, the sudden unavailability of evidence material to the people's case."

Judge Graffeo adopted a narrower approach. She noted that a prosecutor's COR is presumed truthful and accurate (*People v Sibblies*, 22 NY3d at 1180-1181, citing *People v Miller*, 113 AD3d 885, 887 [3d Dept 2014], and *People v Acosta*, 249 AD2d 161, 161 [1st Dept 1998]). Defendant, then, bears the burden of

---

1. Two, three-judge opinions with Judge Abdus-Salaam taking no part.

rebutting this presumption with proof that the People's readiness statement does not accurately reflect their position, i.e., that the prosecutorial statement of readiness was indeed "illusory" (*People v Sibblies*, 22 NY3d at 1181; *see also People v Robinson*, 67 AD3d 1042, 1044 [3d Dept 2009]; *People v Acosta*, 249 AD2d at 161-162 [defendant did not submit evidence to contradict court's findings and failed to demonstrate that the People's readiness statements were illusory]). Applying existing speedy trial principles, Judge Graffeo agreed that the February 22, 2007 COR was illusory because "the prosecutor gave no explanation for the change in circumstances between the initial statement of readiness and the subsequent admission that the People were not ready to proceed without the medical records" (*People v Sibblies*, 22 NY3d at 1181).

In a recent New York County, Criminal Court decision, *People v McLeod*, Judge Steven Statsinger followed Judge Graffeo's approach, noting that her opinion

> "leaves intact the settled principles of speedy trial law that (1) a post-COR statement that the People are not ready does not, by itself, vitiate an off-calendar COR and (2) an unexceptional reason for post-COR unreadiness that does not demonstrate that the COR was inaccurate, such as 'the complainant is unavailable today,' does not render the COR illusory" (*People v McLeod*, 44 Misc 3d 505, 508-509 [Crim Ct, NY County 2014]).

Further, Judge Statsinger reasoned that in cases where a plurality opinion from an appellate court results in no clear ruling, the trial court must follow the more narrow reasoning: "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds" (*People v McLeod*, 44 Misc 3d at 509, citing *Marks v United States*, 430 US 188, 193 [1977], quoting *Gregg v Georgia*, 428 US 153, 169 n 15 [1976]).

The delays associated with bringing a case to trial are serious and well known (*see* William Glaberson, *In Misdemeanor Cases, Long Waits for Elusive Trials*, NY Times, Apr. 30, 2013). Some delays involve the court. Some delays involve the People and some involve defense counsel. Most are beyond any one person's control.

*Sibblies* deals with one familiar problem that can delay a case—the People's repeated filing of off-calendar CORs and subsequent declarations of unreadiness. In any one case, the

People may file several CORs declaring readiness and then answer not ready at the next court date. Or, the People may request a specific date in open court,[2] receive that date despite the court's busy calendar, and then still not be able to answer ready at the next court date. The lack of the People's readiness is usually because of the tremendous scheduling difficulties associated with obtaining the availability of all witnesses and the assigned assistant district attorney (ADA) on the same date.

Even when the People are ready, defense counsel is often unavailable. This is usually because counsel is on trial somewhere else, a natural consequence of maintaining a busy practice.

In addition, illness can strike either side or a witness at any time. Life events, like family deaths or the birth of children can get in the way of a case proceeding to trial.

Also, circumstances arise where the People have no choice but to file a COR. For example, the court may reject the People's in court explanation for not being ready and charge the time until the People file a COR. Another involves the situation where the People answer not ready because they believe there will be a disposition and the defendant has second thoughts at the last minute. If the court charges the time, the People must file a COR unless the ADA standing up on the case, who is ordinarily not the ADA who will try the case, happens to know when the People can next be ready and makes a request for that date.

Finally, no one can overlook how a congested court calendar, along with the shortage of judges and court staff, contribute to the delay in bringing a case to trial. Both sides can answer ready and then wait in the courtroom for hours, only to learn that there are no open trial parts. Moreover, when the People answer not ready but request, perhaps merely two weeks, this often results in a six-week adjournment due to court congestion.

Given these realities, to adopt Judge Lippman's approach would require the People to answer ready repeatedly or risk exceeding CPL 30.30 time. This is not only unfair to the People, but would also cause police officers to be taken off their non-court related duties on multiple occasions, with concomitant adverse effects on the public's safety and wallet.

---

2. The People's request in open court does not present the same issues involved in filing a COR off-calendar because the People are available and therefore subject to cross-examination about the request.

For these reasons, and because this court must adopt the most narrow approach (*People v McLeod*, 44 Misc 3d at 508), this court will not apply Judge Lippman's requirement that the People demonstrate an "exceptional fact or circumstance" to explain situations where the People file a COR and then answer not ready at the next court date.

Accordingly, to be successful on a motion to dismiss pursuant to CPL 30.30, the defendant bears the burden of demonstrating by a preponderance of the evidence that there is a delay in excess of 90 days (*see People v Santos*, 68 NY2d 859, 861 [1986]). Once the defendant has made this showing, the burden shifts to the People to establish that certain portions of time within those periods of delay are excludable (*see People v Santos*, 68 NY2d at 861). Certificates of readiness are presumptively truthful and accurate (*People v Miller*, 113 AD3d 885, 887 [3d Dept 2014]). Thus, when the defendant argues that the People, in an effort to carry their burden, relied upon statements of readiness that were not made in good faith (i.e., illusory), the burden then shifts back to the defendant to establish that any such statements were illusory by a preponderance of the evidence (*People v Robinson*, 67 AD3d at 1044; *see also People v Miller*, 113 AD3d at 887).

The People have charged defendant with two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), both unclassified misdemeanors, and one count of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), a traffic infraction. On July 3, 2012, the court arraigned defendant. The People must be ready for trial within 90 days of the commencement of the criminal action when defendant is accused of a misdemeanor carrying a sentence of up to one year incarceration (CPL 30.30 [1] [b]). Although a criminal action commences with the filing of an accusatory instrument, computation for speedy trial purposes commences on the next day (*People v Stiles*, 70 NY2d 765 [1987]).

To determine whether the People satisfied their obligation for readiness under CPL 30.30, the court must calculate the time between the filing of the first accusatory instrument and the People's declaration of readiness, then subtract any statutorily excludable periods of delay, and finally, add any periods of postreadiness delay attributable to the People where no statutory exclusions apply (*People v Cortes*, 80 NY2d 201, 208 [1992]).

Defendant claims under Judge Graffeo's approach that the People's CORs are illusory because they proffer no explanation

for change in circumstances between their initial statements of readiness and subsequent admissions that they were not ready for trial. In response, the People address their off-calendar CORs, provide explanations for post-COR unreadiness, and argue the CORs accurately reflected the prosecutor's position at the time.

The court reviewed defendant's moving papers and their attachments filed May 12, 2014, the People's response filed May 22, 2014, and all court documents and transcripts contained within the court file. For the reasons set forth below, defendant's motion to dismiss pursuant to CPL 30.30 is denied.

## Speedy Trial Calculations

### July 3, 2012 to July 20, 2012 (0 days)

On July 3, 2012, the court arraigned defendant. The court then adjourned the case to July 20, 2012 for defendant to retain counsel. The court excludes this adjournment period (see CPL 30.30 [4] [f]). The People are charged 0 days.

### July 20, 2012 to September 24, 2012 (0 days)

On July 20, 2012, the court set a motion schedule and adjourned the case to September 24, 2012 for response and decision. The court excludes this adjournment period (see CPL 30.30 [4] [a]). The People are charged 0 days.

### September 24, 2012 to November 13, 2012 (0 days)

On September 24, 2012, the court adjourned the case to November 13, 2012 for hearings and trial following decision on the defendant's motion. The court excludes this adjournment because the People are permitted a reasonable opportunity to prepare for these hearings and trial (see CPL 30.30 [4] [a]; People v Phillips, 70 AD3d 562, 562 [1st Dept 2010]; People v Taylor, 16 Misc 3d 339, 340 [Crim Ct, NY County 2007]). The People are charged 0 days.

### November 13, 2012 to November 15, 2012 (0 days)

On November 13, 2012, defendant failed to appear in court and the court issued a warrant for his arrest. Defendant next appeared in court on November 15, 2012. The court excludes this adjournment. The period from the issuance of the warrant until the defendant's return is excludable (see CPL 30.30 [4] [c] [ii]). The People are charged 0 days.

### November 15, 2012 to January 8, 2013 (0 days)

The court vacated defendant's warrant on November 15, 2012 and adjourned the case to January 8, 2013 for hearings and

trial. The adjournment immediately following defendant's return on a bench warrant is excludable. The People are entitled a reasonable period of time to prepare for trial after defendant returns on a warrant (*see People v Muhanimac*, 181 AD2d 464, 465-466 [1st Dept 1992], *lv denied* 79 NY2d 1052 [1992]). The People are charged 0 days.

January 8, 2013 to February 14, 2013 (6 days)

On January 8, 2013, the People answered not ready for hearings and trial. The court adjourned the case to February 14, 2013. The People filed and served their first certificate of readiness, off-calendar, on January 14, 2013.

The People explain in their response papers,

"the People did not answer ready the first time the case was on for trial because the People had anticipated being on [sic] forcible touching jury trial on a case that they answered ready on January 7, 2013. The People filed an off-calendar certificate of readiness on the next date the People could be ready—January 14, 2013" (*see* People's aff in response at 5, para vi).

Thus, the court charges the People 6 days.

February 14, 2013 to April 9, 2013 (5 days)

On February 14, 2013 the People answered not ready for hearings and trial. The court adjourned the case to April 9, 2013. The People filed and served a certificate of readiness, off-calendar, on February 19, 2013. Defendant argues that this COR was illusory because the People answered not ready on the next court date. However, the People explain that they answered not ready on the next court date because the assigned ADA was answering ready on two other, older DWI cases and therefore was on trial. The People are charged 5 days.

April 9, 2013 to May 22, 2013 (6 days)

On April 9, 2013, the People answered not ready for hearings and trial for the reason explained in the prior paragraph of this decision. On that day, the People requested April 15, 2013, in open court with defense present, as a day the People could be ready. The court adjourned the case to May 22, 2013. The People are charged 6 days.

May 22, 2013 to July 22, 2013 (0 days)

On May 22, 2013, the court adjourned the case to July 22, 2013 at the request of defendant. The court excludes this adjournment period as a period of post-readiness delay not attributable to the People alone. The People are charged 0 days.

July 22, 2013 to September 23, 2013 (11 days)

On July 22, 2013 the People answered not ready for hearings and trial. The court adjourned the case to September 23, 2013. The People filed and served a certificate of readiness, off-calendar, on August 2, 2013. The People are charged 11 days.

September 23, 2013 to October 28, 2013 (0 days)

On September 23, 2013 the People answered ready. However, the defense again requested an adjournment. The court excludes this adjournment and charges the People 0 days.

October 28, 2013 to November 26, 2013 (0 days)

On October 28, 2013 the People again answered ready, but there were no court parts available. The court excludes this adjournment and charges the People 0 days.

November 26, 2013 to January 13, 2014 (0 days)

On November 26, 2013 the People again answered ready, but again there were no court parts available. The court excludes this adjournment and the People are charged 0 days.

January 13, 2014 to January 15, 2014 (2 days)

On January 13, 2014, the People answered not ready for hearings and trial. On that day, the People requested January 15, 2014, in open court with defense present, as a day the People could be ready. The court adjourned the case to January 15, 2014. The People are charged 2 days.

January 15, 2014 to March 6, 2014 (0 days)

On January 15, 2014, the People answered ready, but, for the third time there were no court parts available. The court excludes this adjournment and the People are charged 0 days.

March 6, 2014 to April 3, 2014 (11 days)

On March 6, 2014, the People answered not ready for hearings and trial. On that day, the People requested March 17, 2014, in open court with defense present, as a day the People could be ready. The court adjourned the case to April 3, 2014. The People are charged 11 days.

April 3, 2014 to May 12, 2014 (0 days)

On April 3, 2014, the People answered ready, but the defendant requested an adjournment. The court excludes this adjournment period as a period of post-readiness delay not attributable to the People alone. The People are charged 0 days.

May 12, 2014 to June 23, 2014 (0 days)

On May 12, 2014, defense counsel answered not ready and filed a CPL 30.30 motion. The court adjourned the case to June

23, 2014 for the People's response and decision to defendant's CPL 30.30 motion, and for hearings and trial. The People are charged 0 days.

Based on the foregoing, the court calculates that the People are charged with 41 days. Accordingly, the court denies defendant's motion to dismiss pursuant to CPL 30.30.