People v Johnson (2019 NY Slip Op 05920)





People v Johnson


2019 NY Slip Op 05920


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, NEMOYER, AND TROUTMAN, JJ.


623 KA 17-01080

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES JOHNSON, JR., DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 24, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the motion seeking to dismiss the superseding indictment pursuant to CPL 30.30 is granted, the superseding indictment is dismissed, and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance (CPCS) in the fifth degree (Penal Law § 220.06 [5]), defendant contends that Supreme Court erred in denying that part of his motion seeking to dismiss the superseding indictment on statutory speedy trial grounds (see generally CPL 30.30). We agree.
The People should have been charged with 87 days of postreadiness delay between May 23, 2016, when they "implicitly requested" an adjournment to seek a superseding indictment (Matter of Johnson v Andrews, 179 AD2d 417, 418 [1st Dept 1992]), and August 18, 2016, when they finally secured a superseding indictment. As both the court and the People acknowledged at various points, that period of delay was "attributable to [the People's] inaction and directly implicate[d] their ability to proceed to trial" on a charge of CPCS in the fifth degree, i.e., the crime that the People sought to add by way of a superseding indictment and the sole crime for which defendant was ultimately convicted (People v Carter, 91 NY2d 795, 799 [1998]; see generally CPL 210.05; People v McKenna, 76 NY2d 59, 65 n [1990]). Contrary to the court's determination, the 87-day period was not attributable to the court given that it was "the People's inaction [in securing a superseding indictment that] resulted in a delay in the court's [trial of the action]" (People v Harris, 82 NY2d 409, 412 [1993]). Contrary to the People's contention, it is well established that postreadiness delay may be assessed "notwithstanding that the People have answered ready for trial within the statutory time limit" (People v Anderson, 66 NY2d 529, 536 [1985]) and notwithstanding the absence of an explicit prosecutorial request for an adjournment (see e.g. McKenna, 76 NY2d at 64-65; People v Jones, 105 AD2d 179, 186 [2d Dept 1984], affd sub nom People v Anderson, 66 NY2d 529 [1985]). Although certain periods of time may be excluded from assessment as postreadiness delay where the People successfully invoke one of the exceptions enumerated in CPL 30.30 (4) (see People v Cortes, 80 NY2d 201, 208 [1992]; see also CPL 30.30 [3] [b]), the People have identified no exception that might excuse the 87-day delay at issue here (see People v Miller, 113 AD3d 885, 888 n [3d Dept 2014]).
When the 87 days of postreadiness delay are added to the 168 days of prereadiness delay for which the People admit they are chargeable, the resulting 255 days of chargeable time [*2]exceeds the 183 days authorized under these circumstances (see generally CPL 30.30 [1] [a]; People v Brown, 28 NY3d 392, 403-404 [2016]; People v Sinistaj, 67 NY2d 236, 241 [1986]; People v Osgood, 52 NY2d 37, 43 [1980]). The court thus erred in denying the motion to dismiss the superseding indictment on statutory speedy trial grounds. We therefore reverse the judgment, grant that part of defendant's motion seeking to dismiss the superseding indictment pursuant to CPL 30.30, and dismiss the superseding indictment (see People v Harrison, 171 AD3d 1481, 1484 [4th Dept 2019]; Miller, 113 AD3d at 887-888). Defendant's remaining contentions are academic.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court