[8 NE3d 852, 985 NYS2d 474]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHA SIBBLIES, Appellant.

Argued February 13, 2014; decided April 8, 2014

## APPEARANCES OF COUNSEL

*Steven Banks, The Legal Aid Society, Criminal Appeals Bureau*, New York City (*Jonathan Garelick* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Kayonia L. Whetstone* and *Joseph N. Ferdenzi* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

Order reversed and information dismissed. Defendant's motion to dismiss the information under CPL 30.30 should have been granted.

Chief Judge LIPPMAN (concurring). The Court is unanimous in holding that the People did not meet their CPL 30.30 speedy trial obligation to be timely ready for trial and, as a result, the misdemeanor information should be dismissed.

The issue is whether the period of time between an off-calendar declaration of readiness for trial by the People and their statement of unreadiness at the next court appearance may be excluded from the statutory speedy trial period under CPL 30.30. We would hold that such a period of prosecutorial readiness may not be excluded from the speedy trial period unless the People's unreadiness is occasioned by an exceptional fact or circumstance.

## I

Defendant Marsha Sibblies was arrested on November 27, 2006 and charged with various felony and misdemeanor offenses arising out of an altercation during a traffic stop. On February 8, 2007, the People moved to dismiss the only felony charge and replaced the felony complaint with a misdemeanor information, charging, among other offenses, assault in the third degree. The filing of the misdemeanor information started the 90-day statutory speedy trial period for the People to declare readiness for trial (*see* CPL 30.30 [5] [c]). On February 22, 2007, the People filed an off-calendar certificate of readiness and a supporting deposition.

Eight days later, on March 2, 2007, the People requested the medical records of the officer injured in the altercation. On

March 28, 2007, the next scheduled control date, the People told the court that they were not ready: "Your honor, the People are not ready at this time. The People are continuing to investigate and are awaiting medical records [of the officer injured in the altercation]." The People indicated that they expected to receive the records within a week, which they apparently did.

The People did not file a second certificate of readiness until May 23, 2007, 104 days after the speedy trial period began to run. At the following control date, the case was adjourned so that counsel could file the motion to dismiss the misdemeanor information under CPL 30.30 that is the subject of this appeal.

Supreme Court denied the motion, apparently excluding the 34 days between the People's declaration of readiness and the March 28 appearance from the 104-day period. The case proceeded to trial, at which the People offered the testimony of the injured police officer as well as his medical records. Defendant was convicted of obstructing governmental administration in the second degree and resisting arrest but was acquitted of assault in the third degree. The Appellate Division affirmed, rejecting defendant's speedy trial argument (98 AD3d 458 [1st Dept 2012]). It reasoned that the People were ready for trial on February 22 because they could have made out a prima facie case for assault in the third degree even in the absence of the officer's medical records.

A Judge of this Court granted defendant leave to appeal (20 NY3d 1104 [2013]).

## II

By the early 1970s, the legislature had become concerned with the backlog of cases in the criminal courts that caused lengthy delays in bringing defendants to trial (*People v Anderson*, 66 NY2d 529, 535 n 1 [1985], citing Mem of State Exec Dept, Crime Control Council, 1972 McKinney's Session Laws of NY at 3259). These delays deprived defendants of their right to a prompt trial, hindered the People's ability to try cases effectively, and undermined public confidence in the criminal justice system (*see id.*). The legislature passed CPL 30.30 in 1972 in an effort to remedy these problems (*id.*).

CPL 30.30 seeks to accomplish its goal by obligating the People to prepare promptly for trial (*id.*; *People v Price*, 14 NY3d 61, 63 [2010]). To that end, the People must be ready to try a defendant accused of a misdemeanor within 90 days of commencement of the action and maintain readiness thereafter

(CPL 30.30 [1] [b]; *People v Stirrup*, 91 NY2d 434, 440 [1998]). To be ready, the People must (1) declare in open court that they are ready or file an off-calendar certificate of readiness and serve it on defense counsel, and (2) "in fact be ready to proceed at the time they declare readiness" (*People v Chavis*, 91 NY2d 500, 505 [1998]).

As to the first requirement, the off-calendar certificate allows the People to declare readiness in a timely manner, even where the statutory period expires before the next court date. In *Stirrup* we explained that when the People's lack of readiness necessitates an adjournment, "a subsequent [off-calendar] statement of readiness can save the People from liability for the remainder of the adjournment period" (91 NY2d at 436).

As to the second requirement, readiness requires more than simply "mouthing" the words (*People v England*, 84 NY2d 1, 4-5 [1994]). "The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried" (*id.* at 4).

Where the People fail to declare readiness within the statutory period, a defendant may move to dismiss the accusatory instrument (CPL 170.30 [1] [e]). The defendant bears the initial burden of demonstrating that the People were not ready within 90 days (*see People v Santos*, 68 NY2d 859, 861 [1986]). The burden then shifts to the People to establish that a period should be excluded in computing the time within which they were required to be prepared for trial (*id.*). Time may be excluded for numerous reasons, including, for example, delays resulting from appeals, delays at the request of the defendant, or where the defendant has absconded (CPL 30.30 [4]).

In this case, defendant has met her burden; the People were not ready within 90 days. The burden therefore is on the People to establish that at least 14 days of the 104-day period should be excluded. The People contend that the 34 days between their February 22 off-calendar declaration of readiness and their March 28 in-court statement of unreadiness should be excluded.

The People's argument is supported superficially by our holding in *Stirrup* that an off-calendar statement of readiness allows the People to avoid having an entire adjournment charged to them. *Stirrup*, however, appeared to address the situation where the People declare readiness off-calendar and remain ready at the next appearance, not where, as here, the People declare readiness off-calendar only to declare themselves unready at the next appearance.

In the latter situation, the defendant is prevented from availing herself of the People's readiness. If the People are not ready at the court appearance, the defendant cannot ask the court to set the matter for trial. This would be readiness in the air, without readiness on the ground. If the defendant cannot ask for a trial, the People's readiness has served effectively to harm the defendant by delaying the running of the statutory period. But CPL 30.30 demands prosecutorial readiness, not for its own sake, but to reduce delays in criminal prosecutions.

Where the People file an off-calendar certificate of readiness and subsequently declare at the next court appearance that they are not ready, a defendant understandably may be perturbed by the People's prior claim of readiness. The defendant can, as here, challenge the propriety of the declarations. This case, however, illustrates the need for clarification of what the People must show in response to such a challenge.

We would hold that, if challenged, the People must demonstrate that some exceptional fact or circumstance arose after their declaration of readiness so as to render them presently not ready for trial. The requirement of an exceptional fact or circumstance should be the same as that contained in CPL 30.30 (3) (b), which

> "preserves for the People such portion of the readiness period . . . as remained available when readiness was originally declared, in the limited situation where 'some exceptional fact or circumstance,' [including, but not limited to, the sudden unavailability of evidence material to the People's case,] occurring after the initial readiness response, makes it impossible for the People to proceed" (*Anderson*, 66 NY2d at 534, quoting CPL 30.30 [3] [b]).

The court may hold a hearing on the issue. If the People cannot demonstrate an exceptional fact or circumstance, then the People should be considered not to have been ready when they filed the off-calendar certificate, and the time between the filing and the following appearance cannot be excluded and should be charged to them.

This rule flows from the purpose of the statute. It is intended to expedite, not delay the defendant's ability to seek resolution of a case. Indeed, allowing, without scrutiny, declarations of readiness off-calendar and subsequent declarations of unreadiness at the next appearance creates the possibility that this scenario could be reenacted ad seriatim. But CPL 30.30 is not a mechanism for filibustering trials.

In this case, the People's unreadiness, while declared in good faith, was not due to the type of "exceptional fact or circumstance" contemplated by CPL 30.30 (3) (b). It was not occasioned by, for example, the sudden unavailability of a material witness or material evidence, merely the People's desire to strengthen their case. As a result, the 34-day period from the People's off-calendar declaration of readiness to their in-court statement of unreadiness is chargeable to the People. The People therefore did not declare readiness within the 90-day statutory period.

No injustice is worked upon the People here. Even with the 34 days charged against them, the People received the officer's medical records well before the 90-day period expired and could have filed a timely off-calendar certificate of readiness.

In an appropriate case the People may avail themselves of the statutory mechanism for ensuring that an adjournment be excluded from the speedy trial period. They may seek a continuance under CPL 30.30 (4) (g) (ii), which allows a court to grant the People an excluded continuance when they need "additional time to prepare [their] case and additional time is justified by the exceptional circumstances of the case."

For these reasons, we would reverse the order of the Appellate Division, grant defendant's motion, and dismiss the misdemeanor information.

GRAFFEO, J. (concurring). I agree that the order of the Appellate Division should be reversed and the information dismissed. But I write separately because I would decide this case on a narrower basis than the one proposed by Chief Judge Lippman.

In November 2006, defendant Marsha Sibblies was arrested following a physical altercation with police officers during a traffic stop. Based on this incident, defendant was originally charged with felony assault and various misdemeanors, but on February 8, 2007, the People dropped the felony charge and replaced the felony complaint with an information, which left pending only the misdemeanor charges, including assault in the third degree. As a result, the parties agree that the 90-day period for the People to declare readiness for trial began to run on February 8 (see CPL 30.30 [5] [c]). The People filed an off-calendar statement of readiness 14 days later on February 22. Less than 10 days after declaring readiness, however, the People ordered a copy of the injured police officer's medical records. At a March 28 calendar call, the prosecutor stated: "[T]he People

are not ready at this time. The People are continuing to investigate and are awaiting medical records. It was a cop assault." The court scheduled the case for trial on June 7 and informed the prosecutor that the ensuing time would be charged to the People until a new certificate of readiness was filed.

On May 23, the People filed a second off-calendar statement of readiness. Defendant moved to dismiss under CPL 170.30 (1) (e), asserting that the People were not ready within 90 days because the entire 104-day period between February 8 and May 23 was chargeable to the People. She contended that the February 22 statement of readiness was illusory based on the People's decision to pursue further investigation and the request on March 28 for an adjournment.

Supreme Court denied the motion and the case proceeded to trial, at which the People offered the testimony of the injured police officer as well as his medical records. Defendant was convicted of obstructing governmental administration in the second degree and resisting arrest but was acquitted of assault in the third degree. The Appellate Division affirmed, rejecting defendant's CPL 30.30 claim on the basis that the People could have presented a prima facie case of assault on February 22 even without the officer's medical records (98 AD3d 458 [1st Dept 2012]). A Judge of this Court granted defendant leave to appeal (20 NY3d 1104 [2013]).

The "ready for trial" requirement of CPL 30.30 has two distinct elements. First, there must be "either a statement of readiness by the prosecutor in open court . . . or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk" (*People v Kendzia*, 64 NY2d 331, 337 [1985])—the latter being referred to as an off-calendar statement of readiness. And second, the People "must in fact be ready to proceed at the time they declare readiness" (*People v Chavis*, 91 NY2d 500, 505 [1998]). Only the second prerequisite is at issue here.

It is well settled that, under the second prong, a statement of readiness made "at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock" (*People v England*, 84 NY2d 1, 4 [1994]). We have explained that the second requirement will be met unless there is "proof that the readiness statement did not accurately reflect the People's position" (*People v Carter*, 91 NY2d 795, 799 [1998]). In other words, there is a presumption that a statement of readiness is truthful and accurate (*see People v Miller*, 113

AD3d 885, 887 [3d Dept 2014]; *People v Acosta*, 249 AD2d 161, 161 [1st Dept 1998]).

In *People v Bonilla* (94 AD3d 633 [1st Dept 2012]), the Appellate Division held the presumption rebutted under circumstances very similar to the present case. There, the People answered ready for trial but later requested two adjournments so that they could further investigate the case. The Appellate Division concluded that the People's requests rendered the initial statement of readiness illusory, noting that "the record does not support an inference that the People made an initial strategic decision to proceed, if necessary, with a minimal prima facie case, but later determined to present additional evidence" (*id.* at 633 [citation omitted]).

So too here. The People initially declared that they were ready for trial on February 22 but within days sought copies of the injured officer's medical records. And at the next calendar call, the prosecutor admitted that the People were not in fact ready to proceed because they were continuing their investigation. The prosecutor indicated that the People needed to examine the medical records to decide if they would pursue introduction of the records into evidence at trial (which they later did). Significantly, the prosecutor gave no explanation for the change in circumstances between the initial statement of readiness and the subsequent admission that the People were not ready to proceed without the medical records. The February 22 statement of readiness therefore did not accurately reflect the People's position (*compare Carter*, 91 NY2d at 799). As a result, the People are chargeable with the entire period from February 8 to May 23, exceeding the 90-day limit.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Chief Judge LIPPMAN concurs in an opinion in which Judges SMITH and RIVERA concur; Judge GRAFFEO concurs in an opinion in which Judges READ and PIGOTT concur; Judge ABDUS-SALAAM taking no part.