OPINION OF THE COURT
Gia L. Morris, J.
The court, on its own motion, rescinds the prior decision and *432 order dated May 28, 2014 and replaces it with this decision and order in its place and stead.
In an accusatory instrument filed on April 4, 2013, the defendant, Elijah Gough, was charged with criminal possession of marijuana in the fifth degree (Penal Law §221.10 [1]), a class B misdemeanor, and Vehicle and Traffic Law § 375 (30), which prohibits attaching objects to windshields which would obstruct the operator of a motor vehicle’s view. In a decision dated December 4, 2013, the court granted the defendant’s motion to dismiss the action on speedy trial grounds pursuant to GPL 30.30, finding more than 60 days chargeable to the People. The court stayed sealing of the docket and the People moved for leave to reargue pursuant to CPLR 2221.
A motion for reargument may only be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its decision. (People v D'Alessandro, 13 NY3d 216, 219 [2009].) Further, a motion for reargument must be submitted to the court that heard the original motion and a decision to hear reargument is in the sole discretion of the hearing court (see Mazzei v Licciardi, 47 AD3d 774, 774 [2d Dept 2008]). Lastly, a decision to deny a motion for reargument is not appealable (see Fishman v County of Nassau, 84 AD2d 806 [2d Dept 1981]).
While the People have failed to set forth any applicable laws or facts that were misapprehended or overlooked, in order to clarify the issues presented in the December 4, 2013 decision, the People’s motion for reargument is granted. However, for the following reasons, the court adheres to its original decision which charged the People with the adjournment from July 30, 2013 until October 2, 2013, a total of 64 days.
In both the instant motion, as well as the People’s response to the original speedy trial motion, the People apparently believe that regardless of their reason for not being ready for trial they can only be charged with the time they request on the record. The People further assert that it was error for the court to inquire as to whether their request for a future date is in fact a proper statement of readiness or an illusory statement of future readiness. Lastly, the People allege that, as long as they provide a date on the record, they do not need to file an off-calendar statement of readiness even if directed to do so by a court. These arguments misconstrue the applicable case law and would undermine the entire purpose of the speedy trial statute.
To begin, the cases cited by the People do not stand for the proposition that the People are allowed to decide, unilaterally, *433 the number of days for which they should be charged. Instead, as the Court of Appeals has repeatedly held, it is the People’s burden to ensure that the record of the proceeding at which the adjournment was granted is sufficiently clear to enable the court considering a subsequent CPL 30.30 motion to make an informed decision as to whether the People should be charged. (See People v Cortes, 80 NY2d 201 [1992]; People v Berkowitz, 50 NY2d 333 [1980].) In the instant case, no such record was made. Instead, as the minutes from the July 30, 2013 calendar call make clear, the People were not ready, and agreed to file a certificate of readiness off calendar once they were able to announce ready for trial. (See tr of July 30, 2013 calendar call, lines 15-24.) While the People then stated “for the record” that they were requesting August 1, 2013 (see tr of July 30, 2013 calendar call, lines 20-21), this cannot be perceived as a valid future statement of readiness, particularly in light of the fact that they had just stated that they would need to file a certificate of readiness off calendar when they could, in fact, be ready. To be clear, when the court subsequently directed the People to file a certificate of readiness off calendar when they were in fact ready for trial, the court was finding the People’s two-day request after acknowledging their non-readiness to be illusory. As such, it was the People’s burden to clarify the record, had they believed they could truly be ready for trial on August 1, 2013. No such record was made. (See tr of July 30, 2013 calendar call.)
Further, the People’s attempt to assert trial readiness by simply relying on a computer system for scheduling police witnesses does not equate to actual trial readiness. Instead, as the Court of Appeals most recently held, “readiness requires more than simply ‘mouthing’ the words .... ‘The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried.’ ” (People v Sibblies, 22 NY3d 1174, 1177 [Apr. 8, 2014], quoting People v England, 84 NY2d 1, 4-5 [1994].) Moreover, while the People take issue with this court’s practice of ensuring that the record is clear as to the reason for the adjournment (see supplemental People’s response dated May 27, 2014), the Court of Appeals’ most recent decision in Sibblies supports this court’s position that creating a record during calendar calls to ensure that the People are held to their burden is appropriate. (Sibblies, 22 NY3d 1174 [Apr. 8, 2014]; see also Cortes, 80 NY2d at 215-216; People v Berkowitz, 50 NY2d 333 [1980].)
*434 Nevertheless, as was set forth in the court’s original decision, had the People truly been ready for trial, the remedy was for the People to file a certificate of readiness as directed by the court, which would have “been a conclusive means of stopping the speedy trial clock.” (People v Nunez, 47 AD3d 545, 546 [1st Dept 2008].) No such certificate was ever filed. As such, the court properly charged the People with the entire adjournment. (Id.; see also People v Kukla, 27 Misc 3d 1221 [A], 2010 NY Slip Op 50824[U] [Crim Ct, Queens County 2010].)
Accordingly, as previously held, because there was no assertion of trial readiness within the statutory time period, the defendant’s motion to dismiss the accusatory instrument was properly granted.