OPINION OF THE COURT
Eric Bjorneby, J.
Defendant brings this motion to dismiss on speedy trial grounds pursuant to CPL 30.30.
*1154 Defendant is charged with two counts of driving while intoxicated, both class A misdemeanors punishable by up to one year in jail, and related Vehicle and Traffic Law offenses. CPL 30.30 (1) (b) requires dismissal if the People are not ready for trial within 90 days of the filing of the District Court information, less any excludable periods of time. CPL 30.30 (4) (g) provides in relevant part:
“In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded: . . .
“(g) other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people’s case and additional time is justified by the exceptional circumstances of the case.”
The statutory exclusions are intended to relieve the People of their duty to be ready for trial when they are not responsible for the delay in the proceedings. (People v Gonzalez, 181 Misc 2d 105 [1998].) For example, a reasonable period of time within which to notify a defendant to appear for arraignment is excludable under CPL 30.30 (4) (see People v Fuller, 216 AD2d 695 [1995]; People v Middlemiss, 198 AD2d 755 [1993]), as are periods during which a case is being scheduled or rescheduled by the clerk’s office, as these functions are beyond the control of the prosecutor (People v Carter, 91 NY2d 795 [1998]; People v Jones, 154 Misc 2d 481 [1992]).
In the instant matter, the defendant was arraigned on January 14, 2014. He concedes that he is chargeable for all adjournments requested from that date to September 29, 2014. The defense further concedes that while the People requested a two-day adjournment for the hearings, the defense requested November 3, 2014 and agreed to be charged with the additional time. On November 3, 2014 the defense requested another adjournment to December 4, 2014.
*1155 On December 4, 2014 the People announced that a necessary officer was unavailable to testify at a suppression hearing set for that date and requested December 10, 2014 for the hearing. The court was unable to accommodate the request and adjourned the matter to February 9, 2015. On December 11, 2014 the People filed a certificate of readiness dated December 10, 2014, thereby stopping the speedy trial clock. (People v Stirrup, 91 NY2d 434 [1998]; People v Nina, 291 AD2d 294 [2002]; People v Vaughn, 36 AD3d 434 [2007].) However, on February 9, 2015 the People answered not ready for the hearing and the matter was adjourned, at first to February 17, 2015. The matter was then advanced by the People to February 10, 2015 and adjourned to March 10, 2015. On that date the People answered not ready and requested the next day, March 11, 2015, for the hearing. The court adjourned the matter at that time to March 31, 2015 and on March 11, 2015 the People filed a second statement of readiness. The matter was adjourned twice more by the defense and then by the People from June 5, 2015 to June 19, 2015 for the hearing. On June 19, 2015 this motion was filed.
The People contend that they are not responsible for delay resulting from court congestion, citing People v Myers (171 AD2d 148 [1991]), that under People v Stirrup (91 NY2d 434 [1998]) and People v Betancourt (217 AD2d 462 [1995]) their readiness obligation was satisfied by the filing of their certificate of readiness on December 11, 2014 and that after a subsequent not ready circumstance they can properly reestablish their readiness by filing another certificate. (See People v Stirrup.) The defense contends that under People v Sibblies (22 NY3d 1174 [2014]) the People should be charged with all the time since December 4, 2014 because their subsequent unreadiness suggests that their readiness claims have been illusory and that they have never been ready. On the state of the record established by the motion papers, and given the People’s unreadiness for the hearing on February 9, 2015, their further adjournment of the hearing to March 10, 2015, their unreadiness for the hearing on that date, and their further request for an adjournment to March 11, 2015, the court could not resolve the defendant’s claim that the People’s readiness assertions have been illusory. The court therefore ordered an evidentiary hearing regarding the People’s post-readiness requests for further adjournments. (See People v Mack, 300 AD2d 254 [2002]; People v Reid, 110 AD2d 663 [1985]; People v *1156 Lespier, 244 AD2d 222 [1997].) That hearing was held on September 17, 2015.
Defendant contends that there are 521 days of delay since his arraignment of which he alleges 114 days are not excludable and are chargeable to the People. (See defense counsel’s reply affirmation f 20.) The single largest period of allegedly chargeable delay is the period from December 4, 2014 to February 9, 2015, a period of 67 days. At the hearing, the primary witness for the People, Trooper Shawn Wright, testified that he was not available on December 4, 2014 due to his work schedule, but that he was in fact available to testify on December 10, 2014, the adjourn date requested by the People and the date set forth on the People’s statement of readiness which was served and filed the next day. Trooper Wright further testified that he was not available on February 9, 2015, again due to his work schedule, and that on the initially requested adjourn date of February 17, 2015 he was unavailable as he was out of state on vacation. Finally, he testified that he was not available on March 10, 2015, again due to his work schedule, but that he was actually available on March 11, 2015, the date requested by the People and the date of the People’s next statement of readiness. The suppression hearing was ultimately held on March 31, 2015. Suppression was denied and the defense requested an adjournment for minutes. On each of the hearing dates selected by the court the People did submit notifications to appear to Trooper Wright’s command but they were not honored for the reasons stated above.
The central question before this court is whether the People’s statement of readiness served and filed on December 11, 2014 was illusory or not. It is well settled that a proper statement of readiness satisfies the People’s readiness obligation and stops the speedy trial clock. (People v Carter, 91 NY2d 795.) Such statements are presumed to be accurate unless the presumption is rebutted by the defense. (People v Miller, 113 AD3d 885; People v Sibblies, 22 NY3d at 1180.) Post-readiness, the People are chargeable only with the time actually requested rather than the full duration of future adjournments. (People v Bruno, 300 AD2d 93 [2002].)
It is true that in Sibblies three of the participating judges, Chief Judge Lippman and two of his colleagues, stated that where there is an off-calendar statement of readiness filed and the People subsequently answer “not ready,” “[w]e would hold that such a period of prosecutorial readiness may not be *1157 excluded from the speedy trial period unless the People’s unreadiness is occasioned by an exceptional fact or circumstance” (22 NY3d at 1175). Judge Graffeo and two of her colleagues however refused to join in that reasoning, but joined in the result for the narrower reason that in Sibblies the statement of readiness relied upon by the People was in fact illusory at the time it was served and filed. This was evidenced by the fact that at the next adjourn date the People answered “not ready” because they had not received medical records which they needed to prove their case. Obviously, if they were unready on the subsequent date because they had not received medical records, then they could not have been ready on the earlier date when they filed their statement of readiness. The People’s earlier readiness claim was therefore illusory, and for that reason the Graffeo plurality concurred in the result only, but not in the rationale relied upon by the Lippman plurality. In situations of this kind, where there is not a majority consensus, the decision’s precedential value is limited to the more narrow ground relied upon for the decision. (See People v Brown, 126 AD3d 516 [2015].) In that case (Brown), a case dealing with this exact same issue, the Appellate Division, First Department, in its March 17, 2015 decision, rejected any precedential value regarding the Lippman plurality’s rationale and declined to apply it.
This case differs from Sibblies in a critical respect. This court, after conducting a full evidentiary hearing, concluded that the People were in fact ready on the date set forth in their December 11, 2014 statement of readiness and that it was therefore not illusory. In addition, this court found that the People’s subsequent unreadiness resulted from the arresting officer’s work and vacation schedule, over which the People had no control as evidenced by the fact that appearance notifications were submitted to the Trooper’s command but not honored. In this circumstance, the defense has not met its burden to show that the December 11, 2014 statement of readiness was illusory. (People v Ventura, 49 Misc 3d 1202[A], 2015 NY Slip Op 51353[U] [Crim Ct, Kings County 2015].) Accordingly, the court finds that the period from December 10, 2014 to February 9, 2015, a total of 60 days, is excludable as having elapsed after the filing of an accurate and truthful statement of readiness. That being so, the period of delay alleged by the defense is reduced to no more than 54 days, far less than the 90 days allowed by the statute. The court therefore need not *1158 address the issue of the excludability of the further adjournments requested by the People as that determination would not alter the result. (People v Brown.)
The court will make one further observation. It is well settled that criminal statutes should be clear rather than vague to insure that everyone knows what conduct is prohibited. This court believes that the same reasoning should apply to rules of criminal procedure as well. If, as alleged by the defense in citing Sibblies, it is the law that a truthful and accurate statement of readiness stops the speedy trial clock and satisfies the prosecutor’s readiness obligation, it is unfair and makes little sense to go back and revisit the same time period that all parties reasonably believed was excluded, and consider revoking that exclusion. If that were to become the law, during the pendency of a case no one could ever be sure as to where the case stands with respect to its speedy trial status. Clearly, if in the future the People become unready the court is free to restart the clock, if it believes that the circumstances so warrant, but it is unfair and only introduces chaos and uncertainty to the proceedings to undo a properly filed and truthful statement of readiness simply because the People have become unready at some point in the future.
Accordingly, the motion to dismiss pursuant to CPL 30.30 is denied.