OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, so much of the order dated November 10, 2009 as denied the branch of defendant’s motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant’s motion is granted, and the accusatory instrument is dismissed.
At issue on this appeal is whether the People’s repeated declarations of unreadiness in court rendered their prior off-calendar statements of readiness illusory. We conclude, under the circumstances of this case, that they did.
On March 1, 2008, defendant was arraigned on a felony complaint in which he was charged with menacing in the third degree (Penal Law § 120.15), three counts of forcible touching (Penal Law § 130.52), three counts of sexual abuse in the third degree (Penal Law § 130.55), three counts of sexual abuse in the first degree (Penal Law § 130.65 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). On April 29, 2008, the People moved to dismiss the three counts of sexual abuse in the first degree, one count of sexual abuse in the third degree, one count of forcible touching, and the count of menacing in the third degree, and filed an information pertaining to the remaining charges.
Prior to the commencement of a nonjury trial (Shari Ruth Michels, J.), the People moved to reduce the two counts of forcible touching to two counts of attempted forcible touching (Penal Law §§ 110.00, 130.52) and the two counts of sexual abuse in the third degree to two counts of attempted sexual *15 abuse in the third degree (Penal Law §§ 110.00, 130.55). Following the trial, defendant was convicted of two counts of attempted forcible touching, two counts of attempted sexual abuse in the third degree, and harassment in the second degree.
The record establishes that, after the information was filed on April 29, 2008, defendant requested discovery, and the court adjourned the matter to May 27th. On May 27th, the People served discovery responses and declared their readiness for trial. The court adjourned the matter to July 14, 2008, indicating that it was the earliest date that the court was available for trial. On July 14th, the People requested a two-week adjournment, indicating that they were awaiting discovery materials. The court adjourned the matter to September 4th, noting that the People would be charged only two weeks for the time which they had requested.
The next relevant court appearance was on January 13, 2009. When the People indicated that they were not ready since they did not have the file, the court cautioned them that it would charge them until they filed a statement of readiness and adjourned the matter to February 26th. The People filed a statement of readiness the next day, on January 14th, only to declare their unreadiness at the next court appearance on February 26th. The People requested a one-week adjournment, indicating that the assigned attorney was pregnant and that the case was going to be reassigned shortly. Noting that the People had not been ready at the last court appearance, the court adjourned the case to March 31st and, again, directed the People to file a statement of readiness, indicating that it would continue to charge them until they did so. On March 3, 2009, the People filed a second statement of readiness.
Nevertheless, at the following court appearance on March 31st, the People again were not ready and they requested a one-week adjournment, at first indicating that the complaining witness was unavailable and then stating that the case had been reassigned to a new assistant district attorney. On April 7th, the People again appeared in court not ready, stating that they were waiting for the complaining witness to come into their office on April 9th. The court warned the People that it would charge them for all of the time until the May 7th adjournment date chosen by defense counsel. However, on April 15, 2009, the People filed their third statement of readiness.
Despite this filing, the People appeared in court on May 7th, indicating that they were not ready and requesting a one-week *16 adjournment because their complaining witness was unavailable. On May 14th, the People again were not ready, stating that the assigned assistant district attorney was out of the office and they again requested a one-week adjournment. The court adjourned the matter to June 22nd and, yet again, warned the People that they would be charged for the entire period until they filed a statement of readiness, which they did on May 19th. On June 22, 2009, the People appeared in court ready for trial.
Defendant subsequently moved to dismiss the accusatory instrument, arguing, among other things, that he had been denied his statutory right to a speedy trial. We note that where a felony complaint is replaced with a new accusatory instrument, the highest charge of which is a class A misdemeanor, the People must be ready for trial within 90 days from the filing of the new instrument or six months from the filing of the felony complaint, whichever is earlier (see CPL 30.30 [5] [c]; People v Cooper, 98 NY2d 541, 544 [2002]). In the instant case, the earlier time period was 90 days from the filing of the information. By order dated November 10, 2009, insofar as is relevant to this appeal, the Criminal Court (Alexander B. Jeong, J.) denied the branch of defendant’s motion seeking to dismiss based on statutory speedy trial grounds, finding that only 47 days were chargeable to the People, as follows: 14 days from July 14 to July 28, 2008; one day from January 13 to January 14, 2009; five days from February 26 to March 3, 2009; seven days from March 31 to April 7, 2009; eight days from April 7 to April 15, 2009; seven days from May 7 to May 14, 2009; and five days from May 14 to May 19, 2009.[1] The sole issue raised by defendant on appeal is whether the court erred in denying the branch of his motion seeking to dismiss on statutory speedy trial grounds. We conclude that it did and reverse.
A statement of readiness certifies that the People are ready to proceed to trial and, thus, tolls the “speedy trial clock” from running (see People v Stirrup, 91 NY2d 434, 440 [1998]). Such a statement, while presumptively truthful and accurate, “entails more than a mere empty assertion of readiness” (Stirrup, 91 NY2d at 440). It must be a good faith, affirmative representation on the record of present and actual readiness (see People v Kendzia, 64 NY2d 331, 337 [1985]; People v Robinson, 171 AD2d 475, 477 [1991]). While a post-readiness declaration *17 by the People that they are not ready does not necessarily render the prior statement of readiness illusory (see People v Brown, 126 AD3d 516, 517-518 [2015]), an issue remains as to what makes a prior off-calendar statement of readiness illusory.
Although the Court of Appeals was asked to resolve that issue in People v Sibblies (22 NY3d 1174 [2014]), the result was a plurality opinion comprised of two concurring opinions. In Sibblies, the People filed an off-calendar statement of readiness, but declared that they were not ready for trial at the next court appearance since they were continuing to investigate and had not received medical records, which they sought after filing their statement of readiness. While the Court of Appeals agreed that the People’s off-calendar statement of readiness was illusory, it was divided in its rationale. Chief Judge Lippman, in a concurring opinion joined by two other judges, concluded that once a challenge to the propriety of a prior statement of readiness is made, the People “must demonstrate that some exceptional fact or circumstance arose after their declaration of readiness so as to render them presently not ready for trial” (Sibblies, 22 NY3d at 1178). Judge Graffeo, in a separate concurring opinion joined by two other judges, declined to adopt such a rule for determining whether a declaration of readiness is ineffective. Instead, she adhered to the rule that a statement of readiness is presumptively truthful and accurate, unless there is “ ‘proof that the readiness statement did not accurately reflect the People’s position’ ” (Sibblies, 22 NY3d at 1180, quoting People v Carter, 91 NY2d 795, 799 [1998]). In Judge Graffeo’s opinion, the presumption of truthfulness and accuracy was rebutted because the People offered “no explanation for the change in circumstances between the initial statement of readiness and the subsequent admission that the People were not ready to proceed without the medical records” (Sibblies, 22 NY3d at 1181).
Here, viewing the record in its entirety, we conclude that under either concurring opinion in Sibblies, the People’s statements of readiness on January 14, March 3, and April 15, 2009 were illusory.[2] This is not a case where an off-calendar statement of readiness is filed, followed by one or two requests for adjournments (cf. Brown, 126 AD3d at 518-519). To the *18 contrary, the record reveals that over a period of multiple successive adjournments, the People engaged in an egregious pattern of avoiding the speedy trial clock by simply filing off-calendar statements of readiness after in-court declarations of unreadiness. Such a pattern, along with the People’s stated reasons for their unreadiness, rebuts the presumption of truthfulness and accuracy of the off-calendar statements of readiness and leads to the inescapable conclusion that the People were never ready since the time they filed their first certificate of readiness on January 14, 2009.[3] Accordingly, we conclude that the People should have been charged with the entire period from January 13, 2009 until May 19, 2009, when they filed their final certificate of readiness. Since that period, by itself, is over 90 days, the branch of defendant’s motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds should have been granted.
Accordingly, the judgment of conviction is reversed, so much of the order dated November 10, 2009 as denied the branch of defendant’s motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant’s motion is granted, and the accusatory instrument is dismissed.
Pesce, P.J., Weston and Elliot, JJ., concur.

. We note that the People concede the 47 days which the court found to be chargeable to them.

. Based on this conclusion, we need not consider which concurring opinion holds greater weight (cf. People v Brown, 126 AD3d 516, 517-518 [2015] [applying the narrower concurring opinion by Judge Graffeo], citing Marks v United States, 430 US 188, 193 [1977]).

. The People’s stated reasons for their lack of readiness directly impacted their ability to proceed. At three successive court appearances, the People acknowledged that the complainant was unavailable. At one of those appearances, the People indicated that they were expecting the complainant to come into their office on April 9, 2009. However, at the next adjourned court date, the People were still not ready again due to the complainant’s unavailability. In these circumstances, it cannot be said that the People’s statements of readiness accurately reflected their position of readiness at the time they were filed (cf. People v Young, 46 Misc 3d 142[A], 2015 NY Slip Op 50171[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).