The People of the State of New York, Respondent, 
against
Jacqueline Hill, Appellant.



Appeal from judgments of the District Court of Nassau County, First District (David W. McAndrews, J.), rendered December 20, 2012. The judgments convicted defendant, upon jury verdicts, of endangering the welfare of a child and criminal contempt in the second degree, respectively. The appeal from the judgments of conviction brings up for review two orders of the same court made upon defendant's motions to dismiss the accusatory instruments on the ground that defendant was denied her statutory right to a speedy trial.




ORDERED that the judgments of conviction are affirmed.
Insofar as is relevant to this appeal, defendant was charged in an accusatory instrument with endangering the welfare of a child (Penal Law § 260.10 [1]) and assault in the third degree (Penal Law § 120.00 [1]) for an incident taking place in January 2011, and, in a separate accusatory instrument, with criminal contempt in the second degree (Penal Law § 215.50 [3]) for an incident taking place in April 2011. Thereafter, in May 2012, defendant, in separate motions, sought to dismiss each of the accusatory instruments on the ground that her statutory right to a speedy trial (see CPL 30.30 [1] [b]) had been violated. She argued, among other things, that 179 days were chargeable to the People. In an order dated July 20, 2011, the District Court determined that the People's speedy trial time had not expired with respect to the endangering the welfare of a child and assault in the third degree charges, and denied defendant's motion seeking to dismiss the accusatory instrument relating to these charges. In a separate order dated July 20, 2011, the District Court found that, with respect to the criminal contempt in the second degree charge, the People had not met their burden in opposition to defendant's motion, and set the matter down for a fact-finding hearing, which, apparently, was never held. Following a jury trial, defendant was found guilty of the endangering the welfare of a child count of the accusatory instrument relating to the January 2011 incident, and not guilty of the assault in the third degree count. Defendant was also found guilty of the criminal contempt in the second degree charge.
On appeal, defendant contends that the accusatory instruments were jurisdictionally defective; that she was denied her statutory right to a speedy trial; and that the verdicts were against the weight of the evidence.
An information, together with any supporting deposition accompanying it or filed in connection therewith (see CPL 100.20), must allege, among other things, facts of an evidentiary nature establishing, if true, every element of the offense charged and the defendant's commission [*2]thereof (see CPL 100.15, 100.40 [1]; People v Kalin, 12 NY3d 225, 228-229 [2009]; People v Jones, 9 NY3d 259, 261 [2007]; People v Inserra, 4 NY3d 30 [2005]; People v Alejandro, 70 NY2d 133 [1987]). This requirement is jurisdictional and nonwaivable (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Alejandro, 70 NY2d at 135).
With respect to the endangering the welfare of a child charge, defendant contends that the allegations set forth in the information in support of this offense are jurisdictionally defective inasmuch as they fail to establish every element of the offense because they do not indicate that the complainant was less than 17 years old at the time of the incident. Although the information makes no reference to the complainant's age, two months after the information was filed, the People filed a supporting deposition by the complainant's mother, in which she stated that the complainant had been 15 years old at the time of the incident. Consequently, the People cured this defect. 
With respect to the criminal contempt in the second degree charge, defendant contends that the information charging this offense is jurisdictionally defective in that it fails to allege every element of the offense because it does not set forth that she had knowledge of the order of protection, the terms of which she had allegedly violated. Penal Law § 215.50 (3) provides as follows:
"A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct:
* * *
3. Intentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law[.]"
The essential elements of criminal contempt in the second degree are that a lawful order of the court was in effect and was clearly expressed, that the defendant had knowledge of its provisions (although not necessarily through actual service of the order) and that the defendant intentionally disobeyed it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). 
Although the factual portion of the information, as well as the supporting deposition referenced therein, fails to allege that defendant had been served with the order of protection, that she had been present in court when it had been issued, or that she had signed the order of protection (see People v Inserra, 4 NY3d at 33), in October 2012, the District Court allowed the People to annex a certified copy of the order of protection to the information, to which defense counsel did not object. Inasmuch as the order of protection states that defendant was present in court when the order was issued and that defendant was apprised of the contents of the order, which had been personally served on her, it can be inferred that defendant had knowledge of the order of protection (see id.). Consequently, contrary to defendant's contention, the People similarly cured this defect.
We do not reach defendant's contention regarding her motion to dismiss the criminal contempt in the second degree charge on the ground that she was deprived of her statutory right to a speedy trial (see CPL 30.30), as the motion was abandoned since defendant proceeded to trial despite the District Court's failure to decide the motion (see People v Martin, 81 AD3d 1178, 1179 [2011]; People v Green, 19 AD3d 1075 [2005], lv denied 5 NY3d 828 [2005]; People v Sommerville, 6 AD3d 1232 [2004], lv denied 3 NY3d 648 [2004]).
With respect to defendant's speedy trial motion addressed to the charge of endangering the welfare of a child, a class A misdemeanor, the People were required to announce their readiness for trial within 90 days of the commencement of the criminal action (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). In support of the motion, defendant argued that the People's statement of readiness, filed on April 9, 2012, was illusory and that the time period of November 1, 2011 to May 1, 2012 should be charged to the People. However, defendant also, confusingly, argued that she had "consented to all adjournments through [*3]November 1, 2011," and that "all speedy trial time from November 1, 2011 thru present, plus the 18 day [adjournment from September 1, 2011 to September 19, 2011] . . . [is] chargeable time to the People."
In People v Sibblies (22 NY3d 1174 [2014]), the Court of Appeals ruled that the People's statement of readiness in that case was illusory, albeit on different rationales as set forth in two three-judge concurring opinions. The opinion by Judge Graffeo, which stated that she "would decide this case on a narrower basis than the one proposed by Chief Judge Lippman" (id. at 1179), applied the well-settled precedent that the requirement of actual readiness under CPL 30.30 "will be met unless there is proof that the readiness statement did not accurately reflect the People's position.' In other words, there is a presumption that a statement of readiness is truthful and accurate" (id. at 1180, quoting People v Carter, 91 NY2d 795, 799 [1998] [internal citations omitted]). Upon the application of the standard set forth in the narrower concurring opinion in Sibblies (see For the People Theatres of NY, Inc. v City of New York, 6 NY3d 63, 79 [2005]; People v Brown, 126 AD3d 516 [2015], lv granted 25 NY3d 1160 [2015]), we find, contrary to defendant's contention, that defendant failed to rebut the presumption that the April 9, 2012 statement of readiness was truthful and accurate (see People v Sibblies, 22 NY3d at 1180; People v Carter, 91 NY2d at 799), and there is no indication in the record that the People were not, in fact, ready to proceed when they announced ready; thus, there is no basis to deem the People's statement of readiness to be illusory (see People v Sibblies, 22 NY3d at 1179-1180; People v Kendzia, 64 NY2d 331, 337 [1985]; People v Robinson, 171 AD2d 475, 477 [1991]; People v Vivola, 13 Misc 3d 128[A], 2006 NY Slip Op 51744[U] [App Term, 2 Dept, 2d & 11th Jud Dists 2006]).
Upon a review of the record, we find that, at most, 71 days are chargeable to the People for the time period between November 1, 2011 and May 1, 2012. In view of this determination, we do not need to reach the 18-day time period of September 1, 2011 to September 19, 2011, because even were this time to be charged to the People, less than a total of 90 days of delay would be attributable to the People. Consequently, the District Court properly denied defendant's speedy trial motion relating to the endangering the welfare of a child charge.
Furthermore, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), and according great deference to the jury's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdicts convicting defendant of endangering the welfare of a child and criminal contempt in the second degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]). Contrary to defendant's contentions, it would have been unreasonable for the jury to have found her not guilty of these charges. Even though the assault in the third degree and the endangering the welfare of a child charges stemmed from the same incident, defendant's acquittal on the assault charge and conviction on the endangering the welfare of a child charge did not constitute a compromise verdict. As charged to the jury, the two offenses shared no common elements, and, thus, defendant could readily be found guilty of one and not the other. Consequently, the verdicts were not repugnant (see People v Vitta, 220 AD2d 468 [1995]; People v Martinez, 201 AD2d 671 [1994]). In addition, any inconsistencies in the testimonies of the People's witnesses did not render their accounts incredible as a matter of law (see People v Baksh, 43 AD3d 1072, 1073 [2007]; People v Almonte, 23 AD3d 392, 393 [2005]; People v Davis, 299 AD2d 420, 422 [2002]). Defendant's remaining contentions lack merit.
Accordingly, the judgments of conviction are affirmed.
Marano, P.J., Tolbert and Garguilo, JJ., concur.
Decision Date: April 06, 2016