Weston, J.
(concurring in the following memorandum). While I agree with the majority opinion, I write separately to discuss what has become a disturbing trend among prosecutors to announce their readiness with no real intent to proceed.
Unlike some other states’ speedy trial statutes, which prescribe a time within which a defendant must be brought to trial, New York’s speedy trial statute sets forth a time within which the People must be “ready” for trial (see Daniel Hamburg, Note, A Broken Clock: Fixing New York’s Speedy Trial Statute, 48 Colum JL & Soc Probs 223, 253 [2015]). A statement of readiness, by itself, is sufficient to satisfy this requirement and will stop the speedy trial clock from running (see People v Stirrup, 91 NY2d 434, 440 [1998]). An issue, however, arises when the People file a statement of readiness simply as a means of stopping the clock, with no real intent to proceed. Since a statement of readiness is presumptively truthful and accurate, it is difficult to verify whether the prosecution is, in fact, truly “ready.” Although courts have consistently held that *93 an “illusory” statement of readiness will not toll the speedy trial clock (see e.g. People v England, 84 NY2d 1, 4 [1994]; People v Cole, 73 NY2d 957, 958 [1989]; People v Vivola, 13 Misc 3d 128[A], 2006 NY Slip Op 51744[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]), there is no clear guidance as to what makes a statement of readiness illusory. While the Court of Appeals attempted to resolve the issue in People v Sibblies (22 NY3d 1174 [2014]), the result was a plurality opinion, with each opinion adopting a different rule.
Since Sibblies, courts have continued to grapple with what makes a statement of readiness illusory. While most courts have adopted Judge Graffeo’s narrower approach, they differ in the application of that approach. For instance, in People v Brown (126 AD3d 516 [2015], lv granted 25 NY3d 1160 [2015]), the Appellate Division, First Department, held that the presumption of truth and accuracy attached to the People’s certificate of readiness was not rebutted simply because the People were not ready at the next court appearance after the certificate was filed (id. at 518). In so holding, the Court noted that, unlike in Sibblies, the People “made an initial strategic decision to proceed, if necessary, with a minimal prima facie case” (id. at 519). Subsequently, in People v Rodriguez (135 AD3d 587 [2016]), the First Department, by a different panel, held that the People’s statements of readiness were illusory since the People “ ‘gave no explanation for the change in circumstances between the initial statement of readiness and [the admitted later inability] to proceed’ ” (id. at 588, quoting People v Sibblies, 22 NY3d at 1181).
Whatever the rule, it has become apparent that the presumption of truth and accuracy attached to a statement of readiness has worked to the detriment of defendants (see e.g. People v Rodriguez, 135 AD3d 587 [2016]; People v Guirola, 51 Misc 3d 13 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Canady, 50 Misc 3d 132[A], 2015 NY Slip Op 51942[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In some instances, prosecutors will simply file a statement of readiness in response to a court’s directive and then request a short adjournment, knowing that, due to court congestion, the case will not be tried for months (see Daniel Hamburg, Note, A Broken Clock: Fixing New York’s Speedy Trial Statute, 48 Colum JL & Soc Probs at 248). In doing so, the People ensure that they will not be charged with any time beyond that which *94 they requested. In other instances, prosecutors may seek to “cure” an in-court declaration of unreadiness by subsequently filing an off-calendar statement of readiness. In the most egregious cases, prosecutors will file multiple off-calendar certificates of readiness after each in-court statement of un-readiness (see People v Guirola, 51 Misc 3d 13 [2016]; People v Canady, 50 Misc 3d 132[A], 2015 NY Slip Op 51942[U] [2015]).
Under any of these scenarios, the filing of a certificate of readiness has become nothing more than a stalling tactic to avoid dismissal on speedy trial grounds. Such a tactic eviscerates the speedy trial statute and the constitutional interests it aims to protect. Delays occasioned by a pro forma statement of readiness are especially damaging to those defendants who are unable to post bail, leaving them to languish in an already overcrowded prison system, sometimes for years. With defendants in New York City misdemeanor cases waiting an average of 571 days for jury trials and 479 days for bench trials (see Rory I. Lancman, We Need Speedy Trial Reform in City’s Criminal Courts, NYLJ, Feb. 24, 2016 at 6), prosecutors must do more than just pay lip service to their obligations under the speedy trial statute. A hollow assertion of readiness not only compromises a defendant’s right to a swift adjudication, but casts a cloud on the very office charged with ensuring that “justice is done and the rights of all — defendants included — are safeguarded” (People v Lombard, 4 AD2d 666, 671 [1957]).
Pesce and Aliotta, JJ., concur; Weston, J.P., concurs in a separate memorandum.