■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS KING, Appellant. [54 NYS3d 854]—

Judgment, Supreme Court, Bronx County (Alvin Yearwood, J., at speedy trial motion; Judith Lieb, J., at jury trial and sentencing), rendered January 11, 2012, as amended October

29, 2015, convicting defendant of criminal possession of a weapon in the second degree (two counts) and assault in the second degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. Defendant did not meet his burden of demonstrating that the People's unequivocal statement of readiness, which is "presumed truthful and accurate," was illusory (*People v Brown*, 28 NY3d 392, 405 [2016]; *see also People v Sibblies*, 22 NY3d 1174, 1180 [2014]). The record supports the reasonable inference that, even if the People intended to strengthen their case by way of DNA evidence, but failed to make a timely motion for DNA testing, they had always been prepared to proceed to trial by relying solely on eyewitness testimony (*see People v Gnesin*, 127 AD3d 652 [1st Dept 2015], *lv denied* 29 NY3d 948 [2017]; *People v Wright*, 50 AD3d 429, 430 [1st Dept 2008], *lv denied* 10 NY3d 966 [2008]).

The trial court providently exercised its discretion in admitting into evidence a photograph of defendant taken about a month prior to the crime to corroborate the witnesses' identification of defendant as the assailant, in that it depicted him wearing his hair in braids (*see e.g. People v King*, 276 AD2d 319, 320 [1st Dept 2000], *lv denied* 96 NY2d 736 [2001]). There was nothing in the carefully redacted photograph that prejudiced defendant by suggesting that he had prior interactions with the law. The parties' stipulation satisfied any authentication requirement.

The court also providently exercised its discretion by admitting evidence about the unsuccessful attempts by police to locate defendant, after the shooting, at his place of residence and other areas he was known to frequent. This evidence could be interpreted as supporting a possible inference of consciousness of guilt, and any ambiguity as to whether the evidence warranted such an inference presented a factual issue for the jury (*see People v Yazum*, 13 NY2d 302, 304 [1963]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Richter, Manzanet-Daniels, Mazzarelli and Gische, JJ.