The People of the State of New York, 
against
Moses Bethune, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J. at speedy trial motion; Robert M. Mandelbaum, J., at trial; Josh E. Hanshaft, J., on remand of speedy trial motion), rendered June 24, 2015, after a jury trial, convicting him of resisting arrest, and imposing sentence.




Per Curiam.
Judgment (Erika M. Edwards, J. at speedy trial motion; Robert M. Mandelbaum, J., at trial; Josh E. Hanshaft, J., on remand of speedy trial motion), rendered June 24, 2015, affirmed.
Defendant's speedy trial motion was properly denied on remand. Defendant did not meet his burden of demonstrating that the People's statement of readiness, which is "presumed truthful and accurate," was illusory (People v Brown, 28 NY3d 392, 405 [2016]; People v Sibblies, 22 NY3d 1174, 1180 [2014]). The hearing evidence and testimony establishes that the assigned prosecutor and the People's main witness, Officer Carlos Gonzalez, were ready and available for trial at the time the People filed the December 18, 2012 off-calendar statement of readiness (see People v Garland, 155 AD3d 527, 527-528 [2017], affd 32 NY3d 1094 [2018]; People v King, 152 AD3d 412, 413 [2017], lv denied 30 NY3d 981 [2017]). The People also set forth valid reasons for their change in status at the next three court appearances, and defendant failed to show that the People were not in fact ready to proceed when they declared that they were (see People v Brown, 28 NY3d at 406).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. There was sufficient evidence that the police were trying to effect an "authorized arrest" (Penal Law § 205.30), in that they had probable cause to arrest defendant at least for obstruction of governmental administration in the second degree. Probable cause does not require . . . proof beyond a reasonable doubt" (People v Mercado, 68 NY2d 874, 877 [1986], cert denied 479 US 1095 [1987]). Further, defendant could properly be convicted of resisting arrest even without being convicted of the underlying obstruction of governmental administration charge (see People v Laltoo, 22 AD3d 230 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 22, 2019