The People of the State of New York, Respondent,
against
William Larkins, Also Known as William G. Larkins, Appellant.




Appellate Advocates (Jenin Younes of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

Appeal from judgments of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered October 21, 2014. The judgments convicted defendant, after a nonjury trial, of attempted menacing in the second degree, attempted criminal contempt in the second degree, attempted criminal possession of a weapon in the fourth degree (two counts), and harassment in the second degree (two counts). The appeal brings up for review the denial of defendant's motion, in effect pursuant to CPL 330.30 (1), to set aside the verdicts and to dismiss the accusatory instruments on the ground that he was denied his statutory right to a speedy trial.




ORDERED that the judgments of conviction are affirmed.
On May 21, 2011, the People charged defendant, in a felony complaint, with attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), menacing in the second degree (Penal Law § 120.14 [1]), resisting arrest (Penal Law § 205.30), two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). On November 12, 2011, following another arrest, the People charged defendant, in a misdemeanor complaint, with criminal contempt in the second degree (Penal Law § 215.50 [3]), two counts of assault in the third degree (Penal Law § 120.00 [1]), two counts of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), resisting arrest (Penal Law § 205.30), and two counts of harassment in the second degree (Penal Law § 240.26 [1]). On August 23, 2011, the felony counts were dismissed. After a nonjury trial, defendant was convicted of attempted menacing in the second degree, [*2]attempted criminal contempt in the second degree, two counts of attempted criminal possession of a weapon in the fourth degree, and two counts of harassment in the second degree.
Upon defendant's pretrial motion to dismiss the accusatory instruments for a violation of defendant's statutory right to a speedy trial (see CPL 30.30), the Criminal Court charged the People with 67 days of trial readiness time. Following his conviction, defendant moved to reargue the prior order, which the court deemed a motion to set aside the verdicts pursuant to CPL 330.30 (see People v Sebak, 245 AD2d 242 [1997]). Among the claims raised was that, pursuant to People v Sibblies (22 NY3d 1174 [2014]), an additional 20 days should be added to the 7 days previously charged to the People for the adjournment of June 26, 2012 to July 23, 2012, because the People, having filed an off-calendar statement of readiness on July 3, 2012, and upon declaring their unreadiness for trial on July 23, 2012, did not establish that their readiness statement was other than illusory. The court agreed with defendant, and charged the People with the additional time, but rejected defendant's uncontested claims as to the remaining, uncharged time and denied the motion, and, with an additional uncontested adjustment of two days' credit to the People, found that the total chargeable time was 85 days on the oldest docket. On appeal, defendant contends that an additional 15 days should be charged to the People in the period of September 11, 2012 to October 10, 2012, and an additional 7 days in the period of October 10, 2012 to November 2, 2012.
In the exercise of our authority to review the record and to determine the legal questions as to the chargeability of speedy trial time (see People v Mena, 29 AD3d 349, 350 [2006], lv denied 7 NY3d 792 [2006]; People v Salgado, 27 AD3d 71, 72 [2006], lv denied 8 NY3d 838 [2006]; cf. People v LaFontaine, 92 NY2d 470 [1998]), we find that the People should not have been charged with 20 additional days for the period of June 26, 2012 to July 23, 2012. While, in Sibblies, Chief Judge Lippman, in a concurring opinion, had suggested that in cases where an off-calendar statement of trial readiness is followed by a declaration of unreadiness, the burden should be on the People to establish that the statement of trial readiness was not illusory, that is, "that some exceptional fact or circumstance arose after their declaration of readiness so as to render them presently not ready for trial" (People v Sibblies, 22 NY3d at 1178; see CPL 30.30 [3] [b]), in People v Brown (28 NY3d 392 [2016]), a majority of the Court declined to adopt the proposed rule, and affirmed the principles that a People's declaration of readiness is "presumed truthful and accurate" (id. at 405; see e.g. People v Carter, 91 NY2d 795, 799 [1998]; People v Lamendola, 57 Misc 3d 153[A], 2017 NY Slip Op 51598[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), and that a defendant " 'ordinarily has the burden of showing that any postreadiness adjournments occurred under circumstances that should be charged to the People' " (People v Brown, 28 NY3d at 404, quoting People v Cortes, 80 NY2d 201, 215 [1992]). Here, as "there is no evidence in the record" that the People's readiness statement of July 3, 2012 "was not made in good faith or did not reflect an actual present state of readiness" (People v McCarthy, 146 AD3d 983, 984 [2017]), and defendant has made no showing that the People were not, in fact, ready to proceed on that date, the People should not have been charged with the following 20 days of speedy trial time. In addition, on June 26, 2012, the trial court proposed an adjournment to July 11, 2012, which was extended, at defense counsel's request, to July 23, 2012, another ground to exclude the last 11 days of the adjournment from the People's speedy [*3]trial time. Since only 22 days of chargeable time are at issue in the remaining disputed periods, we need not address the propriety of the court's determinations as to that time.
Accordingly, the judgments of conviction are affirmed. 
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 22, 2019